# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MINA ORTEGA,

    Plaintiff,

vs.                                USDC Civ. No. 18-111 MV/KK

NEW MEXICO LEGAL AID, INC.;
ED MARKS; SIEMPRE UNIDOS EN
PROGRESO; UAW LOCAL 2320
INTERNATIONAL UNITED AUTO
WORKERS; DONIS BORKS; GORDON
DEANE; ALICIA CLARK; AFL-CIO,

    Defendants.

## ORDER OVERRULING UNION DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on (1) Defendants Union, Borks, Deane and Clark's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on April 24, 2018 (Doc. 15); (2) the Motion to Dismiss Plaintiff's Claims Against New Mexico Legal Aid & Ed Marks and Memorandum Brief in Support, filed on April 24, 2018 (Doc. 16); (3) the Motion to Dismiss Plaintiff's Claims Against Ed Marks, Individually and as Director of New Mexico Legal Aid, Inc., and Memorandum Brief in Support, filed on April 24, 2018 (Doc. 17); (4) Plaintiff's Motion for Leave to File Surreply to NMLA Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 52) filed on August 6, 2019); (5) the Magistrate Judge's Proposed Findings and Recommended Disposition (PFRD) (Doc. 58) filed on February 27, 2019; (6) Union Defendants' Objection to Magistrate's Proposed Findings and Recommended Disposition Concerning Union Defendants' Motion to Dismiss (Doc. 59) filed on March 13, 2019; and (7) Plaintiff's Motion for Extension of Time (Doc. 60) filed on March 18, 2019.

The Court, having considered the record and the relevant law, finds that the Union Defendants' Objections are not well taken and shall be overruled. The Court will adopt the Magistrate Judge's PFRD. The Court also concludes that Plaintiff has failed to demonstrate good cause in support of her Motion for Extension of Time, which shall be denied accordingly.

## I. Introduction[1]

On August 3, 2018, this Court issued an Order of Reference referring this case to United States Magistrate Judge Kirtan Khalsa for a recommended disposition. (Doc. 51.) The Magistrate Judge filed a PFRD (Doc. 58) pursuant to the Order of Reference on February 27, 2019, recommending that: (1) Defendants Union, Borks, Deane and Clark's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 15) should be **Granted** insofar as it seeks dismissal of Plaintiff's claims against Donis Borks, Alicia Clark, and Gordon Deane in their individual capacities; and it should be **Denied** to the extent that it seeks dismissal of Plaintiff's claim that the Union breached its duty of fair representation; (2) the Motion to Dismiss Plaintiff's Claims Against New Mexico Legal Aid & Ed Marks and Memorandum Brief in Support (Doc. 16) should be **Denied** insofar as it seeks dismissal of Count I; and it should be **Granted** insofar as it seeks dismissal of Count II; (3) the Motion to Dismiss Plaintiff's Claims Against Ed Marks, Individually and as Director of New Mexico Legal Aid, Inc., and Memorandum Brief in Support (Doc. 17) should be **Granted**; and (4) Plaintiff's Motion for Leave to File Surreply to Union Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 47) should be summarily **Denied**.

---

[1] The Magistrate Judge's PFRD thoroughly discussed the standard of review, the applicable law, and the factual background and procedural history of this case. (Doc. 30 at 1-7.) The Court will therefore refrain from repeating this information here.

The Union Defendants timely filed Objections to the PFRD on March 13, 2019, and a response is not required. (Doc. 59.) Plaintiff filed a Motion for Extension of Time seeking to expand the time within which she may file objections to the PFRD. (Doc. 60.) The Defendants' several motions to dismiss, the Magistrate Judge's PFRD, the Union Defendants' Objections, and Plaintiff's motion for an extension are now before the Court.

## II. Analysis

### A. The Union Defendants' Objections

When a party files timely written objections to a magistrate judge's recommendation on a dispositive matter, the district court must conduct a *de novo* review, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). *De novo* review requires the district judge to consider relevant evidence in the record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *U.S. v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996). The failure to make timely objections to the Magistrate Judge's Proposed Findings and Recommended Disposition waives appellate review of both factual and legal questions. *Id.* at 1059.

The Union Defendants object to Part B.2 of the PFRD in which Judge Khalsa recommended holding that Plaintiff's allegations regarding the Union's conduct in handling her grievance are sufficient to support a breach of the duty of fair representation claim. (Doc. 58 at 15-21; Doc. 59 at 1.) The Union Defendants' objection is founded on the notion that the allegations in Plaintiff's Compliant—which, they argue, were incoherent, out of chronological order, and

confusing—were rearranged in the PFRD to create a more coherent narrative than that presented by Plaintiff and to "imply" causation that was not alleged by Plaintiff in her Complaint. (Doc. 59 at 2, 5.) The Court does not find these objections persuasive, and they shall be overruled accordingly.

The Federal Rules of Civil Procedure provide for a liberal notice pleading standard pursuant to which "no technical form" of pleading is required, and all "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(d)(1), (f); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14 (2002). Accordingly, the "harsh remedy" of dismissal under Rule 12(b)(6) "must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Cottrell, Ltd. v. Biotrol Intern., Inc.*, 191 F.3d 1248, 1251 (10th Cir. 1999). In addition to these standards, in considering a motion to dismiss, the Court must assume that allegations in a complaint—even those "doubtful in fact" are true, *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007), and construe them in the light most favorable to the plaintiff. *Requena v. Roberts*, 893 F.3d 1195, 1204-05 (10th Cir. 2018).

The Union Defendant's primary objection to the PFRD is that by organizing Plaintiff's non-chronological factual allegations into a coherent narrative, Judge Khalsa substantially recharacterized the content of Plaintiff's Complaint. (Doc. 59 at 3-4.) As Judge Khalsa acknowledged in the PFRD, this Court recognizes that Plaintiff's Complaint was not artfully drafted. (Doc. 58 at 3 n.2, 27.) This notwithstanding, the Court does not share the Union Defendants' view that by setting forth, in chronological order, the very facts alleged in Plaintiff's Complaint, and which indisputably support her breach of duty of fair representation claim, Judge Khalsa altered the meaning or effect of those allegations. Instead, it is evident from the PFRD that Judge Khalsa, placing substance over form, undertook a comprehensive analysis of Plaintiff's

allegations with the ultimate effect of discerning the theories upon which Plaintiff's Complaint is based. In so doing, Judge Khalsa construed Plaintiff's allegations so as to do justice to and effectuate the spirit of the liberal rules of pleading in accord with the governing legal standards.[2] *Cottrell, Ltd.*, 191 F.3d at 1251; Fed. R. Civ. P. 8(d)(1), (f).

Union Defendants further object on their unfounded assertion that Judge Khalsa improperly "claim[ed]" or "suggest[ed] that Plaintiff alleged that the Union treated Plaintiff differently from other employees." (Doc. 59 at 4.) In support of this objection, the Union Defendants cite a portion of the PFRD in which Judge Khalsa summarized the arguments made by the Union Defendants in support of their motion to dismiss. (Doc. 58 at 17; Doc. 59 at 4.) And indeed, among other things, the Union Defendants argued in their Motion to Dismiss that Plaintiff's allegations did not establish that the Union treated Plaintiff differently from other employees when it handled her grievance.[3] (Doc. 15-1 at 10-11; Doc. 58 at 17.) Having acknowledged their argument, Judge Khalsa's recommendation that the Union Defendants' Motion be denied is not grounded in this theory because Plaintiff did not plausibly allege discrimination in the form of disparate treatment.

---

[2] As an alternative to this approach, Judge Khalsa could have recommended that the Court exercise its discretion to dismiss Plaintiff's Complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2)'s "short and plain statement of the claim" requirement, and order Plaintiff to file an amended complaint, presenting her allegations in chronological order. *See Carbajal v. City & Cty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012) (recognizing the trial court's discretion to dismiss a complaint without prejudice and to order the plaintiff to file an amended complaint that complies with the pleading requirements of Rule 8). However, the approach taken by Judge Khalsa in the PFRD furthers the interests of efficiency, judicial economy, and fairness, and avoids further delay in this already protracted proceeding.

[3] Although the Union Defendants' decision to include this argument in their Motion to Dismiss was ostensibly not based on an allegation to the contrary (Plaintiff did not allege that she was treated differently from other Union members), insofar as this argument was presented, among others, in the context of a survey of the relevant legal standards, the Court presumes that the Union Defendants sought to establish that, although there are several ways in which Plaintiff *could have* shown that the Union breached its duty, she failed to demonstrate any of them—including disparate treatment. *See e.g.*, *Vaca v. Sipes*, 386 U.S. 171, 190 (1967) (indicating that a union breaches its duty of fair representation to a member if its actions are arbitrary, *discriminatory*, or in bad faith). (Doc. 15-1 at 9-10.)

Instead, Judge Khalsa recommended denying the Motion on the ground that Plaintiff plausibly alleged that the Union "failed to take requisite steps in its pursuit of Plaintiff's grievance[,]" "treated Plaintiff's grievance with cursory or indifferent attention, and failed to adequately investigate or prepare to defend her grievance." (Doc. 58 at 19.) Assuming the truth of these allegations, Judge Khalsa recommended concluding that the Union engaged in what amounted to unreasonable, irrational, or arbitrary conduct in violation of the duty of fair representation. (Doc. 58 at 19-20.) This recommendation is well-supported by relevant authorities—none of which are controverted in the Union Defendants' objections, and it is clearly based upon the plausible allegations, and the reasonable inferences drawn from the allegations, in Plaintiff's Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court [exercising its judicial experience and common sense] to draw the reasonable inference that the defendant is liable for the misconduct alleged"). The Union Defendants' objection to the contrary is unavailing.

**B. Plaintiff's Motion for an Extension of Time**

The PFRD was filed on February 27, 2019. (Doc. 58.) Because Plaintiff receives notice by mail to her post office box, the deadline for Plaintiff to file objections to the PFRD was March 18, 2019. (Doc. 60 ¶ 3; Doc. 58 at 30.) Plaintiff argues that she received the PFRD by mail on Tuesday, March 12, 2019, and that she was ill the following weekend through half of the day on Monday. (Doc. 60 at 2 ¶¶ 5-7.) Owing to the alleged delay in mail delivery and her illness, Plaintiff seeks an extension of time within which to file objections to the PFRD.

Throughout the pendency of this case, Plaintiff has sought several extensions, all of which have been liberally granted. (Doc. 24, 27-28, 32, 44.) In this instance, the Court does not find that good cause exists to grant the requested extension. Even assuming the truth of Plaintiff's

representation that the PFRD mailed from Albuquerque, New Mexico on February 27, 2019 had not yet been delivered to her post office mailbox in Albuquerque, New Mexico by March 8, 2019, which would be unusual, she still had five business days from receipt within which to prepare and file objections. She did not do so. Nor has she provided any other reason sufficient to constitute good cause to grant her opposed motion for an extension of time. For these reasons, and to avoid further delay in this case, Plaintiff's Motion for an Extension shall be denied.

### III. Conclusion

For the foregoing reasons, and for the additional reasons stated in the Magistrate Judge's PFRD, the Court finds that Plaintiff's Objections are without merit, and that the Magistrate Judge's PFRD should be adopted in whole. **IT IS THEREFORE ORDERED** as follows:

1. The Union Defendants' Objections to Magistrate's Recommendation (Doc. 59) are **OVERRULED**;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 58) is **ADOPTED**; and,

3. Plaintiff's Motion for Extension of Time (Doc. 60) is **DENIED**.

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ**
**United States District Judge**