IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MINA ORTEGA,

    Plaintiff,

vs.                                                                                   Civ. No. 18-111 MV/KK

NEW MEXICO LEGAL AID, INC. *et al.*,

    Defendants.

# ORDER

**THIS MATTER** is before the Court on Plaintiff Mina Ortega's Motion to Strike (Doc. 89), filed on June 6, 2019. Defendant New Mexico Legal Aid, Inc. ("NMLA") filed a response in opposition to the motion and a request for attorney's fees on June 20, 2019, (Doc. 95); and, Plaintiff filed a reply in support of the motion on July 11, 2019. (Doc. 102.) The Court has considered the parties' submissions, the record, and the relevant law. For the reasons that follow, the Court finds that Plaintiff's motion is not well-taken and should be **DENIED**, and that Plaintiff should bear the reasonable cost of attorney's fees NMLA incurred in responding to the motion.

Plaintiff's Amended Complaint was neither clear nor concise. (*See*, *e.g.*, Doc. 58 at ns.2, 8, 16.) The allegations were variously inconsistent, confusing, and unnecessarily detailed to the degree that NMLA moved for dismissal on the ground that Plaintiff violated Federal Rule of Civil Procedure 8(a) by failing to clearly and concisely set forth her claims. (Doc. 16 at 17-20.) The Court, constrained by the standards applicable to a motion to dismiss, liberally construed Plaintiff's Amended Complaint and ferreted out the substance of her claims, thereby allowing Plaintiff to proceed in this litigation. In its Amended Answer to Plaintiff's Amended Complaint,

NMLA submitted responses and denials that appear reasonably designed to avoid inadvertently admitting unclear factual allegations. (*See* Doc. 71.)

In her motion, Plaintiff urges the Court to strike from NMLA's Amended Answer some twenty-seven responsive paragraphs and an affirmative defense on the ground that they are proffered in violation of Federal Rule of Civil Procedure 8. (Doc. 89 at 1-9.) NMLA seeks summary dismissal of Plaintiff's motion on the bases that: (1) the motion is untimely; and, (2) Plaintiff did not comply with Local Rule 7.1, which requires a movant to make a good-faith request for concurrence before filing a motion. (Doc. 95 at 1-3.) NMLA argues in the alternative that Plaintiff's motion should be denied on substantive grounds—namely, that her Rule 8 objections do not come within the ambit of Rule 12(f) and that each challenged aspect of its Amended Answer to Plaintiff's Amended Complaint was valid for reasons discussed both in the body of its response and in an attached table.[1] (Doc. 95 at 8-12; Doc. 95-5.) The Court is persuaded that Plaintiff's motion should be summarily denied as untimely and lacking merit.

Plaintiff's motion is founded, procedurally, on Federal Rule of Civil Procedure 12(f). (Doc. 89 at 2.) Rule 12(f) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either on its own or on a motion made by a party *within 21 days of being served with the pleading*. Fed. R. Civ. P. 12(f). The Court "possesses considerable discretion in disposing of a Rule 12(f) motion to strike"; however, such motions are widely disfavored as purely cosmetic or a waste of time and "general judicial agreement" is that they "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy[.]" 5C Charles A. Wright *et al.*, Fed. Prac. & Proc. § 1382 (3d ed. 2019). Because motions to strike generally waste the

---

[1] The fifteen-page table attached to NMLA's response identifies every at-issue allegation in Plaintiff's Amended Complaint, NMLA's corresponding answer, Plaintiff's challenge to the answer, and NMLA's justification of the answer. (Doc. 95-5.)

courts' and litigants' time and do not move the case along, the 21-day deadline is strictly enforced. *See Martinez v. Naranjo*, 328 F.R.D. 581, 596 (D.N.M. 2018).

As an initial matter, Plaintiff filed her motion well after the 21-day time frame within which it was permissible under Rule 12(f). NMLA's Amended Answer to Plaintiff's Amended Complaint was filed on April 16, 2019. (Doc. 71.) Plaintiff filed the present motion fifty-one days later, on June 6, 2019—thirty days later than Rule 12(f) permits. (Doc. 89.) On this basis alone, Plaintiff's motion is subject to summary dismissal.

Moreover, Plaintiff's motion, though invoking the Court's authority to strike under Rule 12(f), does not identify any of the responsive paragraphs in NMLA's Amended Answer as "redundant, immaterial, impertinent, or scandalous" such that they should be stricken pursuant to Rule 12(f). Fed. R. Civ. P. 12(f). Instead, relying on speculation, argument, and linguistic technicalities, Plaintiff posits that various of NMLA's answers to the allegations in her Amended Complaint were made in bad faith—which, notably, is not a ground for striking a matter under Rule 12(f). Further deviating from the scope and purpose of Rule 12(f), Plaintiff urges the Court not only to strike the offending answers, but also to deem the corresponding allegations in her Amended Complaint admitted despite the fact that NMLA has asserted a general denial comporting with Rule 8(b)(3)—a judicial act neither permitted by Rule 12(f) nor warranted under the circumstances of this case. The Court's authority under Rule 12(f) to strike matters that are redundant, immaterial, impertinent, or scandalous does not extend so far that the Court may convert a denial into an admission, nor is the Court so inclined. Because Plaintiff's motion is untimely and seeks relief outside the purview of the Court's authority under Rule 12(f), it shall be summarily denied.

Not only was Plaintiff's motion to strike untimely and ill-founded, but also its filing might have been circumvented had Plaintiff complied with Local Rule of Civil Procedure 7.1(a). Rule 7.1(a) requires a movant to confer with the opposing party in good faith to determine whether a motion is opposed. D.N.M. LR-Civ. 7.1(a). Rule 7.1(a) is "not meant to be perfunctorily satisfied. It is designed to encourage parties to contact each other . . . and work out mutually agreeable solutions to" certain disputes. *Benavidez v. Sandia Nat'l Labs.*, 319 F.R.D. 696, 723 (D.N.M. 2017). Rule 7.1(a) is intended, among other things, to allow the parties to negotiate an agreed-upon solution and avoid the use of scarce judicial resources to resolve disputes that the parties can expeditiously resolve themselves. *See id.*

Here, documentation submitted by NMLA shows that Plaintiff contacted NMLA's counsel at 3:00 p.m. on the eve of filing her motion to strike, demanding that NMLA amend its Amended Answer to her Amended Complaint by the next morning to avoid litigating the motion. (Doc. 95-1.) In her communication, Plaintiff did not clarify what specific amendments she sought, nor did she accept opposing counsel's invitation to schedule a call to discuss the matter. (*Id.*; Doc. 95-3.) The time within which to file a motion to strike had long since expired when this communication occurred, and Plaintiff's urgent demand therefore appears to have been an exercise in gamesmanship—an inference further supported by documentation of the parties' subsequent negotiations regarding the motion. (Doc. 95 at 12-13; Doc. 95-3.) This, combined with Plaintiff's conscious disregard of the time frame within which a Rule 12(f) motion was permissible, (*see, e.g.,* Docs. 95-3, 95-7), and the lack of merit in her motion to strike, justifies the imposition of sanctions against Plaintiff under 28 U.S.C. § 1927.

Section 1927 provides that

> [a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927; *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 863, 871 (10th Cir. 2018). "A lawyer's reckless indifference to the law may impose substantial costs on the adverse party. Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998). Here, Plaintiff's reckless indifference to the limitations of Rule 12(f) and her failure to abide by the text and tenor of Local Rule 7.1 caused NMLA to expend resources responding to a meritless and untimely motion. Plaintiff should bear at least some of the cost of this lack of care. NMLA may, accordingly, submit an affidavit and request for attorneys' fees incurred in responding to Plaintiff's motion to strike, which shall be granted insofar as the Court deems it reasonable under all of the circumstances, including Plaintiff's *in forma pauperis* status.

For the reasons stated herein, **IT IS HEREBY ORDERED** that:

(1) Plaintiff 's Motion to Strike (Doc. 89) is **DENIED**;

(2) Plaintiff will be ordered to pay reasonable attorneys' fees NMLA incurred in responding to Plaintiff's Motion to Strike; and,

(3) NMLA may submit an affidavit and request for attorneys' fees on or before August 30, 2019.

**IT IS SO ORDERED.**

**KIRTAN KHALSA**
**United States Magistrate Judge**