# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MINA ORTEGA,

    Plaintiff,

vs.                                                              Civ. No. 18-111 MV/KK

NEW MEXICO LEGAL AID, INC. *et al.*,

    Defendants.

## ORDER AWARDING ATTORNEYS' FEES

THIS MATTER is before the Court on Defendant New Mexico Legal Aid, Inc.'s ("NMLA") Motion for Attorneys' Fees Pursuant to Order (Doc. 125), filed August 30, 2019. NMLA filed its motion pursuant to the Court's Order (Doc. 114), filed August 20, 2019, in which the Court: (1) denied Plaintiff's Motion to Strike (Doc. 89); (2) held that Plaintiff would be ordered to pay reasonable attorneys' fees NMLA incurred in responding to the Motion to Strike; and, (3) required NMLA to file an affidavit and request for fees by August 30, 2019. (Doc. 114 at 5.) Plaintiff filed a response in opposition to NMLA's motion on September 23, 2019, in which she asked the Court to either deny the motion altogether or, in the alternative, reduce the requested fees in accordance with her objections "and/or" require NMLA to produce actual billing statements and proof of payment before fixing a reasonable fee. (Doc. 137 at 6.) Finally, NMLA filed a reply in support of its motion on October 7, 2019, in which it opposed the requests Plaintiff made in her response and sought, in addition to fees it incurred in responding to Plaintiff's Motion to Strike, "its new fees for having to brief this Motion for Fees." (Doc. 151 at 1-4.)

Courts generally determine what fees are reasonable by first calculating the lodestar – the total number of hours reasonably expended multiplied by a reasonable hourly rate – and then

adjusting the lodestar upward or downward to account for the particularities of the suit and its outcome. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *Anchondo v. Anderson, Crenshaw & Assoc.*, 616 F.3d 1098, 1102 (10th Cir. 2010). The party requesting fees bears the burden of proving the number of hours expended and the appropriate hourly rates, *Hensley*, 461 U.S. at 438, and courts "can reduce the number of hours when the time records provided to the court are inadequate." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233–34 (10th Cir. 2000). Also, counsel must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. There is no precise rule or formula for a court's adjustment of the lodestar; rather, courts have discretion in making this equitable judgment. *Id.* at 436-37. In the present matter, the Court has previously indicated that NMLA's request for fees will "be granted insofar as the Court deems it reasonable under all of the circumstances, including Plaintiff's *in forma pauperis* status." (Doc. 114 at 5.)

As an initial matter, the Court denies Plaintiff's request that the Court reconsider its decision to award NMLA reasonable fees incurred in opposing Plaintiff's Motion to Strike. (Doc. 137 at 6.) The arguments Plaintiff presented in her response fail to persuade the Court that it should revisit its initial decision to award fees to NMLA at all.

However, the Court will award NMLA reduced fees. NMLA claims that it incurred "about $7,500 in fees" in connection with Plaintiff's Motion to Strike but is requesting reimbursement for these fees in the lesser amount of $5,880.50. (Doc. 125 at 1.) This amount includes charges for work by attorney Samantha Adams at $195 per hour, attorney Jennifer Nutley at $165 per hour, and second-year law student Justice Irons at $85 per hour. (Doc. 125-1 at 2.) The Court has carefully reviewed the information NMLA provided, including each of the entries on the timesheet

2

attached to its fee request, (Doc. 125-2 at 1-4), and has considered all of the relevant circumstances, including but not limited to the lodestar calculation, Plaintiff's objections, and her *in forma pauperis* status.  On these bases, the Court finds that $3,000 is a reasonable award of attorneys' fees in this instance.

Finally, the Court will deny NMLA's request for an award of fees it incurred in "having to brief this Motion for Fees." (Doc. 151 at 1-4.) Not only has NMLA failed to demonstrate its entitlement to such an award, but also it improperly raised this request for the first time in its reply.

IT IS THEREFORE ORDERED that, within 60 days of entry of this Order, Plaintiff shall pay NMLA $3,000 in attorneys' fees NMLA incurred in responding to Plaintiff's Motion to Strike (Doc. 89), in accordance with and for the reasons stated in the Court's August 20, 2019 Order (Doc. 114).

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE