# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MINA ORTEGA,

      Plaintiff,

vs.                                                                         Civ. No. 18-111 MV/KK

NEW MEXICO LEGAL AID, INC. *et al.*,

      Defendants.

## ORDER ON NMLA'S MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court on Defendant New Mexico Legal Aid, Inc.'s ("NMLA") Motion to Compel Discovery from Plaintiff (Doc. 122), filed August 26, 2019. Plaintiff filed a response in opposition to the motion on September 19, 2019, (Doc. 136), and NMLA filed a reply in support of it on October 3, 2019. (Doc. 149.) The Court, having reviewed the pleadings, the record, and the relevant law, being otherwise fully advised, and for the reasons stated below, FINDS that the motion is well-taken in part and should be GRANTED IN PART and DENIED IN PART.

In its motion, NMLA asks the Court to compel Plaintiff to respond, or supplement her responses, to four written discovery requests to which she objected on July 29, 2019. (Doc. 122-1.) The Court will address each of these requests in turn.

**1.**     **Interrogatory No. 1**

With respect to this interrogatory, NMLA asks the Court to compel Plaintiff to provide "the name and contact information for any adult who has lived with Plaintiff . . . during the past ten years." (Doc. 122 at 3 (emphasis omitted).) Pursuant to Federal Rule of Civil Procedure 33, parties may serve interrogatories "relat[ing] to any matter that may be inquired into under Rule

26(b)." Fed. R. Civ. P. 33(a)(2). Rule 26(b), in turn, permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Factors the Court should consider in determining whether discovery is "proportional to the needs of the case" include:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* "The court's responsibility, using all the information provided by the parties, is to consider these . . . factors in reaching a case-specific determination of the appropriate scope of discovery." Fed. R. Civ. P. 26(b)(1), 2015 Amendment, Advisory Committee Notes.

Any adults who have lived with Plaintiff within the last ten (10) years may have knowledge relevant to Plaintiff's claims of harassment by her supervisors while employed at NMLA, emotional distress, other damages, and mitigation efforts. (Doc. 7 at 19-20, 31.) NMLA is therefore entitled to information that would allow it to interview or, if necessary, subpoena any such persons to testify at trial. Moreover, NMLA's request for these potential witnesses' names and contact information is not onerous and is appropriate and proportional to the needs of the case in light of the factors listed in Rule 26(b)(1). The Court will therefore grant NMLA's motion to compel Plaintiff to provide the requested information.

2. **Interrogatory No. 22**

In this interrogatory, NMLA asked Plaintiff to identify by make, model year, and serial number all computers she has used from January 1, 2014 to the present. (Doc. 122 at 3.) Plaintiff objected to providing the requested information on the bases of relevance and invasion of privacy.

(*Id.* at 4.) In its motion, NMLA argues that the requested information is relevant to "Plaintiff's repeated claims of computer problems" and her allegations that NMLA and its counsel have hacked into her computer. (*Id.*) Plaintiff responds that "[p]roviding NMLA with the any [sic] information regarding her computer compromises the security of her computer." (Doc. 136 at 7.)

In her Amended Complaint, Plaintiff makes allegations concerning her computer problems to support her claims against the Union. (Doc. 7 at 23-24.) Thus, information about the computer or computers she was using at that time are relevant to her claims as she has stated them. In addition, the information NMLA has requested is proportional to the needs of the case in light of the factors listed in Rule 26(b)(1). The burden on Plaintiff to provide the requested information is minimal, notwithstanding Plaintiff's argument to the contrary. The allegations Plaintiff has made during discovery to the effect that NMLA has hacked into her computer are unsupported and unconvincing. Thus, the Court finds Plaintiff's objections to providing the requested information to be without merit. In short, the Court will order Plaintiff to provide NMLA with the make, model year, and serial number of all computers she has used from January 1, 2014 to December 31, 2017, a time frame which amply encompasses the pertinent events alleged in Plaintiff's Amended Complaint.

The Court will not, however, order Plaintiff to provide information regarding the computer or computers she has used during the pendency of this litigation, though she has, as NMLA observes, accused counsel of hacking into her computer and has repeatedly relied on computer problems to request extensions. Satellite litigation about Plaintiff's conduct and accusations during discovery is not an appropriate or productive use of the parties' and the Court's time, nor is discovery in support of such litigation proportional to the needs of the case in light of the factors listed in Rule 26(b)(1).

### 3. **Interrogatory No. 23**

In this interrogatory, NMLA asked Plaintiff to provide the name and contact information of all persons and entities that have provided her with technical assistance related to her use of computers since January 1, 2014. (Doc. 122 at 4.) For the reasons just discussed regarding Interrogatory No. 22, the Court will order Plaintiff to provide the requested information for the period of January 1, 2014 to December 31, 2017, but not for the period of January 1, 2018 to the present.

### 4. **Request for Production No. 9**

Finally, in this request, NMLA asked Plaintiff to produce all "journals, diaries, calendars, letters, appointment books, agendas, notebooks, notes and correspondence" reflecting or referring to "any of the events, damages, injuries or allegations in her Amended Complaint." (*Id.* at 5.) Plaintiff objected to this request as vague, ambiguous, overbroad, and seeking irrelevant information, and stated that she was withholding documents responsive to it, including her notes and her calendar, based on the work-product doctrine. (*Id.*; Doc. 136 at 8-9.) In her response to NMLA's motion, Plaintiff clarifies that she has already produced all responsive "writings made by her *during her employment*" and will amend her response to reflect this. (Doc. 136 at 9 (emphasis added).) However, she does not indicate whether she has continued to withhold any documents responsive to this request that she prepared after her employment with NMLA ended.

A party may request any other party to produce and permit inspection and copying of any designated documents or electronically stored information in the party's custody or control that contain matters within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Certain materials, however, are only discoverable in limited circumstances. For example, Rule 26(b)(3) sets forth what is commonly called the "work-product doctrine," and provides that

> [o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A). "If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B).

"Because the work-product doctrine applies to documents prepared by a party, it applies equally to pro se parties." *United States v. Melot*, 2012 WL 12898791, at *3 (D.N.M. Aug. 6, 2012). However, like any other privilege limiting discovery, the work-product doctrine is narrowly and strictly construed. *See e.g., Mims v. Dallas Cnty.*, 230 F.R.D. 479, 484 (N.D. Tex. 2005) ("Like all privileges, the work product doctrine must be strictly construed."); *McCook Metals LLC v. Alcoa Inc.*, 192 F.R.D. 242, 260 (N.D. Ill. 2000) (the work-product doctrine "significantly restricts the scope of discovery and must be narrowly construed in order to aid in the search for the truth").

The party asserting work-product protection has the burden of demonstrating that it applies. *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 542 (10th Cir. 1984). A blanket assertion of the work-product doctrine does not satisfy the burden of the party asserting the protection. *Burke v. Glanz*, 2013 WL 3994634, at *1 (N.D. Okla. Aug. 5, 2013); *Kannaday v. Ball*, 292 F.R.D. 640, 645 (D. Kan. 2013); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000); *see also Valencia v. Colo. Cas. Ins. Co.*, 2007 WL 5685148, at *9 (D.N.M. Dec. 6, 2007) ("bald" assertion of privilege is insufficient). Rather,

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the

> party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A). "This detailed and specific showing . . . is typically presented in the form of a privilege log." *Kannaday*, 292 F.R.D. at 645.

In light of the foregoing standards, Plaintiff's assertion of the work-product doctrine in her response to Request for Production No. 9 is inadequate. Plaintiff has not provided NMLA with a privilege log, nor has she described the nature of the documents withheld in a manner that would enable NMLA to assess her entitlement to the doctrine's protection. However, NMLA's request is also overbroad in that it encompasses documentation of Ms. Ortega's "mental impressions, conclusions, opinions, or legal theories . . . concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). The Court will therefore order Plaintiff to produce a privilege log regarding any documents responsive to Request for Production No. 9 that she has withheld on the basis of the work-product doctrine, except for documentation of her mental impressions, conclusions, opinions, and legal theories concerning the litigation, which need not be logged. In particular, the privilege log need not include drafts of pleadings and notes regarding same, drafts of letters to opposing counsel and notes regarding same, legal research and notes regarding same, and notes Ms. Ortega prepared for, at, or regarding any hearing before this Court.

At a minimum, Ms. Ortega's privilege log must indicate: (a) the type of document, *e.g.*, handwritten notes, calendar entry, journal entry; (b) the date(s) on which the document was prepared; (c) the identity of all person(s) who participated in preparing the document and, for persons other than Plaintiff, the nature of each such person's association with Plaintiff; (d) the identity of all person(s) who have reviewed the document and the nature of each such person's

association with Plaintiff; (e) a general description of the topic(s) the document addresses; (f) the reason(s) the document was prepared; and, (g) the document's length.

Finally, the Court will deny NMLA's request for an award of attorney fees it incurred in bringing this motion. Pursuant to Rule 37, if a motion to compel is granted in part and denied in part, the Court "*may . . .* apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). The Court has granted NMLA's motion to compel in some respects but denied it in others and declines to apportion the parties' expenses associated with the motion.

IT IS THEREFORE ORDERED that NMLA's Motion to Compel Discovery from Plaintiff (Doc. 122) is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff shall supplement her answer to NMLA's Interrogatory No. 1 by providing the name and contact information for any adult who has lived with her during the past ten years, *i.e.*, between November 1, 2009 and the present.

2. Plaintiff shall answer NMLA's Interrogatory No. 22 by providing the make, model year, and serial number of all computers she has used from January 1, 2014 to December 31, 2017.

3. Plaintiff shall answer NMLA's Interrogatory No. 23 by providing the name and contact information of all persons and entities that have provided her with technical assistance related to her use of computers from January 1, 2014 to December 31, 2017.

4. Plaintiff shall supplement her response to NMLA's Request for Production No. 9 by providing a privilege log regarding any documents responsive to the request that she has withheld on the basis of the work-product doctrine, except that documents this Order has expressly excluded need not be logged. The privilege log shall comply with the requirements set forth in this Order.

5. Plaintiff shall serve the required discovery responses by **Monday, December 2, 2019**.

6. NMLA's request for an award of attorney fees associated with this motion is denied.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE