# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MINA ORTEGA,

    Plaintiff,

vs.                                           Civ. No. 18-111 MV/KK

NEW MEXICO LEGAL AID, INC. *et al.*,

    Defendants.

## **ORDER ON DISCOVERY MOTIONS**

THIS MATTER is before the Court on the following discovery motions: (1) New Mexico Legal Aid's Motion for a Protective Order (Doc. 103) ("Motion for Protective Order"), filed July 23, 2019; (2) Plaintiff's Motion to Compel Responses to Plaintiff's Discovery Requests to Union (Doc. 120) ("Motion to Compel Union"), filed August 20, 2019; (3) Plaintiff's Motion to Compel Responses to Plaintiff's Discovery Requests to NMLA (Doc. 121) ("Motion to Compel NMLA"), filed August 26, 2019; and, (4) Plaintiff's Motion to Shorten Time for Deposition or Alternatively for Extension of Time to Take Depositions (Doc. 160) ("Motion for Extension"), filed October 21, 2019.

The Court, having reviewed the pleadings, the record, and the relevant law, having heard the arguments of Plaintiff and defense counsel at a hearing on November 7, 2019 (Doc. 172), and for the reasons stated on the record at the hearing and further described in this Order, FINDS that Plaintiff's Motion to Compel Union, Plaintiff's Motion to Compel NMLA, and NMLA's Motion for Protective Order are each well-taken in part and should be GRANTED IN PART and DENIED

IN PART as set forth below. The Court further FINDS that Plaintiff's Motion for Extension should be GRANTED IN PART, TAKEN UNDER ADVISEMENT IN PART, and DENIED IN PART.

Pursuant to Federal Rule of Civil Procedure 33, a party may serve on any other party interrogatories "relat[ing] to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Similarly, a party may request that any other party produce designated documents or electronically stored information ("ESI") in the other party's possession, custody, or control that concern any matter within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b), in turn, permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Factors the Court should consider in determining whether discovery is "proportional to the needs of the case" include:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* "The court's responsibility, using all the information provided by the parties, is to consider these . . . factors in reaching a case-specific determination of the appropriate scope of discovery." Fed. R. Civ. P. 26(b)(1), 2015 Amendment, Advisory Committee Notes.

1. **Plaintiff's Motion to Compel Union (Doc. 120)**

In light of the foregoing standards, the Court GRANTS Plaintiff's Motion to Compel Union in the following respects:

a. In her Requests for Production Nos. 1 and 2 to the Union, Plaintiff seeks documents in the possession, custody, or control of Defendant Siempre Unidos en Progreso, a unit of National

Organization of Legal Service Workers/UAW Local 2320 International United Auto Workers, AFL-CIO ("Union") regarding her union grievances, including documents regarding the 2014-2016 mediation and arbitration proceedings regarding her discharge. However, Plaintiff sought to exclude from production "**[c]onfidential documents or materials**," which she defined as

> documents . . . concerning private and confidential conversations by and between the Union (as representative of the grievant) and Plaintiff (as the grievant) in the nature of "attorney-client privilege" which are not intended for the ears of the adverse party – NMLA, the employer, including its director, former director, and its staff, whether managerial or supervisory staff, and non-managerial or non-supervisory staff.

(Doc. 120 at 16.) The Union objected to Plaintiff's attempted exclusion of confidential documents and materials on the grounds that her definition was ambiguous and overbroad and Plaintiff seeks an order striking the Union's objection.

The Court agrees with the Union's objection and will deny Plaintiff's motion asking that it be stricken. Plaintiff's definition of confidential documents and material is not limited to privileged attorney-client communications. Rather, it is vague, confusing, and overbroad in scope and places a burden on Union counsel to guess at what might fit within it. Plaintiff's briefing has failed to alleviate this guessing game or to establish any basis for broadly claiming an attorney-client privilege for all private or confidential communications between her and Union representatives, whether attorneys or not, that she intended to keep from "the ears of the adverse party" at the time of the communication. Nor does her definition seek to exclude only attorney-client communications made for the purpose of facilitating the provision of professional legal services to her. To the extent that Plaintiff has a valid claim of attorney-client privilege covering some communications between her, as a client, and Union representatives who are attorneys, that were made for the purpose of facilitating the provision of professional legal services to her, and that the Union has produced or does produce to her and New Mexico Legal Aid, Inc. ("NMLA")

3

in response to Requests Nos. 1 and/or 2, Plaintiff may file a motion seeking a protective order demonstrating both that a valid attorney-client privilege applies *and* that she has not waived the privilege by placing those communications directly at issue in this case.

However, the record reflects that the Union has not produced all of the *discoverable* documents responsive to Requests Nos. 1 and 2 that *should* be in its possession, custody, or control. Thus, the Court grants Plaintiff's Motion to Compel Union to the extent that the Union is hereby ordered to (i) determine what documents regarding the 2014-2016 mediation and arbitration proceedings it has in its possession, custody, or control, where it has stored them, and what steps it has taken to ensure that it has produced them to Plaintiff, and (ii) supplement its discovery responses with one or more declarations describing its findings on these points, as well as any additional responsive, discoverable documents it has been able to locate, by **Friday, November 15, 2019**. As with all parties, the Union has a continuing duty to supplement its responses pursuant to Rule 26(e).

In addition, for the reasons discussed on the record at the November 7, 2019 hearing, NMLA is ordered to forward to Plaintiff, in the form and manner most convenient to NMLA's counsel, the e-mail NMLA's counsel sent to the Union with NMLA's 200-page arbitration motion to dismiss and exhibits attached.

      b.     In her motion, Plaintiff also challenges the Union's general objections and conditions. As a rule,

> [a] general objection to a request for production which does not identify the documents to be withheld but states, for example, merely that the responding party objects to the production of privileged documents is entirely inadequate. A response to requests for production must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded. The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper.

4

*Gonzales v. Goodyear Tire & Rubber Co.*, No. CV 05-941 BB/LFG, 2006 WL 8443759, at *2 (D.N.M. Aug. 18, 2006) (citations, quotation marks, and ellipses omitted)); *see also Boyd v. Hi-Country Chevrolet*, No. CIV 10-0602 RB/KBM, 2011 WL 13289814, at *1 (D.N.M. Apr. 5, 2011).

In accordance with these standards, the Court hereby strikes the Union's general objections and conditions, with one exception, specifically, the Union's general objection asserting the attorney-client privilege and work-product protection. The Court allows this general objection to stand only to the extent it was asserted, and documents were withheld, pursuant to Plaintiff's exceedingly overbroad definition of "[d]ocuments" to include "any item or thing of any kind or nature whatsoever . . . received . . . or generated by . . . opposing counsel." (Doc. 120 at 16.) By this definition, Plaintiff appears to seek all of the documents in defense counsel's file, including all confidential attorney-client communications and protected work product. In this regard, even creating a privilege log responsive to the requests would be unduly burdensome.

The Court further orders the Union to amend its responses to Plaintiff's requests for production: (1) deleting its general objections and conditions, except for General Objection B regarding the attorney-client/work-product privilege; (2) attaching hard copies of any documents withheld pursuant to the general objections that have now been stricken; and, (3) indicating that, with the exception of opposing counsel's documents withheld under the general objection sustained by the Court, the Union has produced all responsive documents it has in its possession, custody, or control.

c. In her motion, Plaintiff asks the Court to require the Union to bear the cost of providing her with hard copies of the documents it has produced to her electronically. The Court does not find Plaintiff's arguments in support of her preferred manner of production persuasive in light of the Union's representations that responsive documents have been kept in the ordinary

5

course of business in the electronic form in which they were produced to her. That said, pursuant to Rule 37, if a motion to compel is granted in part and denied in part, the Court "*may* . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). Here the Court, having granted Plaintiff's Motion to Compel Union in part and denied it in part, elects to apportion the parties' reasonable expenses in connection with the motion only to the extent that it will require the Union to bear the expense of producing to Plaintiff hard copies of the 1,365 pages of documents it has produced to her electronically.

In all other respects, Plaintiff's Motion to Compel Union is DENIED.

**2.** **Plaintiff's Motion to Compel NMLA (Doc. 121)**

The Court GRANTS Plaintiff's Motion to Compel NMLA in the following respects:

a. In her Requests for Production Nos. 1 and 9 to NMLA, Plaintiff instructs NMLA to withhold from its document production any documents fitting within her definition of "**personal and confidential**," to prevent the Union from also obtaining copies of these documents. "If [a party] wish[es] to bar [another party's] access to certain specific documents, [it] can file a motion that explains why there is good cause to limit access to certain specific documents." *Trading Techs., Int'l, Inc. v. BGC Partners, Inc.*, No. 10 C 715, 2011 WL 1547769, at *7 (N.D. Ill. Apr. 22, 2011); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Mississippi Warehouse Corp.*, 853 F. Supp. 1053, 1060 (N.D. Ill. 1994) ("[I]t would be unusual if one co-defendant . . . could view the documents that the other co-defendant . . . could not."). "Limiting access by [a defendant] to documents designated as confidential by [another party] . . . is unnecessary in light of the safeguards" a protective order can provide. *Trading Techs., Int'l, Inc.*, 2011 WL 1547769 at *7.

To date, Plaintiff has not moved the Court for a protective order regarding documents fitting within her definition of "personal and confidential" yet requested from NMLA in discovery.

As such, the Court hereby orders NMLA to produce to Plaintiff and the Union's counsel all documents NMLA has withheld as possibly fitting within Plaintiff's definition of "personal and confidential." The Court will temporarily classify these documents as for attorneys' eyes only. If Plaintiff files a motion for protective order as to any of these documents by **Monday, November 18, 2019**, such documents will remain for attorneys' eyes only until the Court rules on the motion. Otherwise, as of Tuesday, November 19, 2019, the documents will be available for review by all parties to this litigation and may be attached as exhibits to publicly filed pleadings without further restriction.[1]

  b. In her Motion to Compel NMLA, Plaintiff asks the Court to require NMLA to bear the cost of providing her with hard copies of the documents it has tried to produce to her electronically.

> Under Rule 34, a distinction between documents and ESI is made in terms of the form of production. A party is obligated to produce *documents* either as these are kept in the usual course of business or the party must organize and label them to correspond to the categories in the request. On the other hand, if the request does not specify a form of production, the responding party must produce *ESI* in the form in which it is ordinarily maintained or in a reasonably usable form or forms.

*Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 252–53 (D. Colo. 2014) (emphases in original) (citations and quotation marks omitted). Further, if the requesting party does specify a form of production for ESI and the responding party objects to that form, the Court must resolve the issue and "is not limited to the forms initially chosen by the requesting party, stated by the responding party, or specified in [Rule 34]." *S2 Automation LLC v. Micron Tech., Inc.*, No. CIV 11-0884 JB/WDS, 2012 WL 3656454, at *18–*19 (D.N.M. Aug. 9, 2012).

---

[1] Of course, the Court's privacy policy requiring redaction of sensitive personal identifier information from filings including social security numbers, dates of birth, names of minor children, and financial account information apply regardless of whether Plaintiff moves for a protective order, and the parties are directed to re-familiarize themselves and comply with these requirements. *See* Judicial Conference Policy on Privacy and Public Access to Electronic Case Files and E-Government Act of 2002.

> Ultimately, the cost and burden of supplying [requested] data may determine what form the requested information will take; however, the party requested to produce electronic data generally has the burden of showing undue expense or burden before the courts will shift the cost of producing the data to the requesting party.

*Id.* at *19.

Here, NMLA has not specified how it ordinarily keeps the 2,462 pages of documents it has tried to produce electronically, *i.e.*, whether it usually keeps these documents as paper documents or ESI. Nor has NMLA shown that producing hard copies of these documents would unduly burden it. The Court therefore declines to relieve NMLA of the cost of producing hard copies of these documents, and orders NMLA to produce such copies to Plaintiff at NMLA's counsel's office at **4:00 p.m. on Friday, November 8, 2019**.

  c. Plaintiff asks the Court to compel NMLA to fully respond to her Requests for Production Nos. 2 and 14 to NMLA, in which she sought documents concerning NMLA payroll, wages, and benefits directed to Plaintiff or to all NMLA employees from October 2008 to present. NMLA's counsel indicated that NMLA has produced all responsive documents directed to Plaintiff that it has been able to locate, but would have to undertake an unduly burdensome search to locate all responsive documents directed to all of its employees for the last eleven years. The Court agrees with NMLA's objections and will not compel it to further respond to these requests as written. However, in light of the proportionality factors listed in Rule 26(b), Plaintiff is hereby ordered to review NMLA's November 8, 2019 document production and, if there are specific documents relating to *her* wages or benefits that are responsive to Requests Nos. 2 and/or 14 that she believes are missing, to send a letter to NMLA's counsel describing the missing documents and how she believes NMLA may reasonably and efficiently search for them no later than **Friday, December 6, 2019**. The Court is not reopening discovery or inviting the parties to engage in further discovery motions practice, and cautions Plaintiff to only suggest search options that she,

in good faith believes will enable NMLA to supplement its request with specifically identified missing information. However, if NMLA disagrees with Plaintiff's suggested search or believes it exceeds the scope of this Court's order, and the parties are unable to resolve the dispute after conferring in good faith, NMLA may file a motion for protective order.

      d.      Plaintiff also asks the Court to compel NMLA to supplement its response to her Request for Production No. 5 to NMLA with responsive documents regarding the 2014-2016 mediation and arbitration proceedings regarding her discharge. NMLA's counsel indicated on the record that NMLA has produced all such documents except its confidential position paper to the mediator for which it claims privilege.

The Court notes that federal privilege law applies to evidence relevant to both federal and pendent state-law claims, *Vondrak v. City of Las Cruces*, 760 F. Supp. 2d 1170, 1175 (D.N.M. 2009), and that "no federal settlement privilege exists in the Tenth Circuit." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. CV 05-2164-MLB-DWB, 2007 WL 9723883, at *3 (D. Kan. May 29, 2007). Moreover, the Court declines to adopt such a privilege here, because,

> to the extent we need to protect the sanctity of settlement discussions and promote the compromise and settlement of dispute[s], there are other effective methods to limit the scope of discovery to achieve those ends—primarily Rule 26 of the Federal Rules of Civil Procedure.

*In re MSTG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012). Nonetheless, the Court will not order NMLA to produce its confidential position paper to the mediator because it is not proportional to the needs of the case in light of the factors listed in Rule 26(b). The Court orders NMLA to file declarations that its counsel and her former law firm have searched their ESI and produced all documents responsive to this request that can be retrieved, and to produce any additional responsive documents it is able to locate, except for its confidential position paper.

e. Plaintiff further asks the Court to compel NMLA to respond to her Request for Production No. 6 to NMLA, in which she seeks all e-mails and written communications between herself and NMLA from January 2010 to January 2014. On its face, this request is exceedingly overbroad and the Court will not compel NMLA to further respond to it as written. However, the Court will order NMLA to produce to Plaintiff any responsive e-mails or other written communications *concerning any allegation of misconduct against or grievance by Plaintiff* within **fourteen (14) days of entry of this Order.** If NMLA has lost emails and/or any other responsive documents migrating to a new operating system, it must produce a declaration from its information technology specialist describing and explaining the loss within **fourteen (14) days of entry of this Order**.

If NMLA supplements its response without the aforementioned declaration, Plaintiff may, within **fourteen (14) days of receipt of NMLA's production of such documents**, send a letter to NMLA identifying the specific email or other written communication concerning an allegation of misconduct against or grievance by Plaintiff that she believes NMLA still has not produced. Plaintiff should provide as much detail as is available to her concerning the subject matter of the alleged misconduct, the date if known or approximate timeframe, and the communication's author, sender and/or recipient. Plaintiff and NMLA's counsel must then confer about whether NMLA is able to search for the document and, if so, how Plaintiff believes it may reasonably and efficiently do so; and, NMLA must produce either the document or a declaration to Plaintiff and the Court explaining why it cannot be produced.

f. Similarly, Plaintiff seeks to compel NMLA to supplement its response to her Request for Production No. 8 to NMLA with e-mails regarding the reasons for her discharge. NMLA's counsel indicated on the record that NMLA has produced all such documents that it has

been able to retrieve but some were likely lost when NMLA migrated to a new operating system. The Court therefore orders NMLA to: (i) confirm that it has conducted a thorough search for such e-mails; (ii) conduct such a search to the extent it has not; (iii) produce any additional responsive e-mails it locates; and, (iv) if any responsive e-mails were lost when NMLA migrated to a new operating system, produce a declaration from its information technology specialist so stating.

In addition, the Court orders Plaintiff to review NMLA's November 8, 2019 document production and, if there are any specific e-mails responsive to Request No. 8 that she believes are missing, to send a letter to NMLA's counsel describing the missing e-mails by author, recipient(s), subject matter, and time frame and proposing specific search terms NMLA should use to find them, no later than **Friday, December 6, 2019**.

g. With respect to Request No. 8, Plaintiff also asks the Court to compel NMLA to produce the client file regarding the client for whom Plaintiff was instructed to draft a qualified domestic relations order, the execution of which allegedly contributed to NMLA's decision to discharge Plaintiff. NMLA, in turn, asks the Court to direct it how to protect the client's confidentiality rights in responding to Request No. 8 in this regard. The Court directs NMLA to produce Plaintiff's timesheets regarding the client file at issue. In addition, the Court directs NMLA to allow Plaintiff to inspect the client's file at NMLA's office and, if there are any documents in the file she wishes to copy, Plaintiff, NMLA, or both of them jointly must move for entry of an appropriate confidentiality order. If NMLA believes that Plaintiff is not entitled under the applicable discovery rules to obtain copies of the client documents she has flagged for copying, it may decline to copy them for Plaintiff and must file within five days of such declination a motion seeking a protective order and *in camera* review of the at issue documents.

In all other respects, Plaintiff's Motion to Compel NMLA is DENIED. The Court notes that some of the documents it has ordered NMLA to produce are also responsive to the remaining requests addressed in Plaintiff's Motion to Compel NMLA, particularly Requests for Production Nos. 11, 12, and 15. The Court finds that NMLA has responded to Plaintiff's Requests for Production sufficiently and to the best of its ability except as set forth in this section. Plaintiff's requests are vague, confusing, overbroad, and unduly burdensome, and the Court will not order NMLA to respond to them further in light of the proportionality factors listed in Rule 26(b).

**3.      NMLA's Motion for Protective Order (Doc. 103)**

According to Rule 26(c), the Court may issue a protective order "for good cause" to protect a party from whom discovery is sought "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A protective order may, *inter* alia, forbid the discovery, specify terms for it, prescribe how it should be obtained, or limit its scope or to whom it is disseminated. *Id.*

> The 'good cause' standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise. Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.

*Siegel v. Blue Giant Equip. Corp.*, No. 18-5113, 2019 WL 5549331, at *5 (10th Cir. Oct. 28, 2019) (citations and quotation marks omitted); *see also S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (entry of protective order is left to district court's sound discretion); *Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 482 (10th Cir. 1995) ("[T]he decision to grant a protective order under Fed.R.Civ.P. 26(c) is vested in the district court's discretion.").

The Court has carefully considered all of the circumstances relevant to NMLA's Motion for Protective Order in light of these standards. Except to the extent that it has ordered NMLA to supplement its responses to Plaintiff's Requests for Production to NMLA in Section 2, *supra*, the

Court finds that Plaintiff's discovery requests to NMLA are excessively vague, confusing, and overbroad and that it would unduly burden NMLA to respond to them. The Court therefore GRANTS NMLA's Motion for Protective Order, except to the extent that it has ordered NMLA to supplement its responses to Plaintiff's Requests for Production to NMLA herein. To that extent only, the motion is DENIED.

**4.    Plaintiff's Motion for Extension (Doc. 160)**

The Court GRANTS Plaintiff's Motion for Extension in the following respects:

a.    The Court extends the discovery motions deadline to **Friday, December 13, 2019**, but only as to motions regarding the most recent discovery responses NMLA and the Union served on Plaintiff.

b.    The Court extends the dispositive motions deadline to **Friday, January 24, 2020**.

The Court TAKES Plaintiff's Motion for Extension UNDER ADVISEMENT in the following respect. Plaintiff shall file an addendum to her Motion for Extension by **Tuesday, November 19, 2019**, indicating exactly whom she believes she absolutely needs to depose, and, if she still desires to take a Rule 30(b)(6) deposition of NMLA and/or the Union, identifying limited topics on which she seeks to depose these entities. The Court will then determine whether and to what extent to permit Plaintiff to take the deposition(s) specified in her addendum. The Court will not permit Plaintiff to engage in any further deposition questioning of herself.

In all other respects Plaintiff's Motion for Extension is DENIED.

IT IS THEREFORE ORDERED that, as further described herein:

1. New Mexico Legal Aid's Motion for a Protective Order (Doc. 103) is GRANTED IN PART and DENIED IN PART;

2. Plaintiff's Motion to Compel Responses to Plaintiff's Discovery Requests to Union (Doc.

120) is GRANTED IN PART and DENIED IN PART;

3. Plaintiff's Motion to Compel Responses to Plaintiff's Discovery Requests to NMLA (Doc. 121) is GRANTED IN PART and DENIED IN PART; and,

4. Plaintiff's Motion to Shorten Time for Deposition or Alternatively for Extension of Time to Take Depositions (Doc. 160) is GRANTED IN PART, TAKEN UNDER ADVISEMENT IN PART, and DENIED IN PART.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE