# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MINA ORTEGA,

    Plaintiff,

vs.                                                      Civ. No. 18-111 MV/KK

NEW MEXICO LEGAL AID, INC. *et al.*,

    Defendants.

## ORDER ON PLAINTIFF'S MOTIONS FOR PROTECTIVE ORDER
## AND FOR EXTENSION OF TIME

THIS MATTER is before the Court on: (1) Plaintiff's Motion for Protective Order (Doc. 175), filed November 18, 2019; and, (2) Plaintiff's Motion for Extension of Time to Read and Sign Deposition (Doc. 179) ("Motion for Extension to Read and Sign"), filed November 20, 2019. The Court, having reviewed the pleadings, the record, and the relevant law, being otherwise fully advised, and for the reasons set forth below, FINDS that: (1) the Motion for Protective Order should be DENIED; and, (2) the Motion for Extension to Read and Sign should be GRANTED IN PART and DENIED IN PART.

**1.    Plaintiff's Motion for Protective Order (Doc. 175)**

In her Motion for Protective Order, Plaintiff asks the Court to afford permanent attorneys'-eyes-only protection to certain "private and sensitive materials" that NMLA produced in response to Plaintiff's requests for production. (Doc. 175 at 5.) In particular, Plaintiff seeks this protection for her social security number and date of birth, her son's name, social security number, date of birth, and telephone number, and the names, addresses, and telephone numbers of her emergency contacts. (*Id.* at 2.) Plaintiff also asks the Court to extend the time for her to file another motion

for protective order as to "attorney-client privileged material" included in documents "already produced and/or produced in the future." (*Id.* at 5.)

Federal Rule of Civil Procedure 5.2 provides in pertinent part that

[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
(1) the last four digits of the social-security number and taxpayer-identification number;
(2) the year of the individual's birth;
(3) the minor's initials; and
(4) the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a). The Court has issued no order deviating from Rule 5.2 in this case. Thus, the rule already requires the parties to redact from all documents filed in this action: (a) all but the last four digits of any person's social security number and any person's or entity's taxpayer identification number; (b) the day and month of any person's birth; (c) the name of any person who is, at the time of filing, a minor; and, (d) all but the last four digits of any financial account number. An order granting Plaintiff this much protection would therefore be superfluous.

Moreover, it would be pointless for the Court to restrict any of the "private and sensitive" information Plaintiff has identified to the attorneys' eyes only, because NMLA, as Plaintiff's former employer, already has this information and indeed was the party that produced it in discovery. In addition, the Union, as NMLA's co-defendant, is entitled to equal access to discovery and has not engaged in conduct that would cause the Court to question its ability or willingness to handle the information appropriately.[1] The Court will therefore deny Plaintiff's request to restrict the "private and sensitive" information she has identified to attorneys' eyes only.

---

[1] If Plaintiff believes that a protective order is necessary to ensure that Defendants keep this information confidential and use it only for purposes of this lawsuit, she should confer with opposing counsel pursuant to Local Rule 7.1 and make a good faith attempt to negotiate a stipulated protective order before bringing the matter before the Court.

Plaintiff has also failed to persuade the Court that she should have additional time in which to file another motion for protective order as to "attorney-client privileged material" included in unspecified documents "already produced and/or produced in the future." (Doc. 175 at 5.) The vaguely-described communications Plaintiff seeks to protect (albeit at some later date) are not attorney-client privileged communications, *i.e.*, communications made for the purpose of facilitating the rendition of professional legal services to a client. *Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 650 (D.N.M. 2007). Rather, they are communications between union representatives and a grievant, who all happen to be attorneys. As the Union observes, there is no federally recognized union-grievant privilege, *Degrandis v. Children's Hosp. Bos.*, 203 F. Supp. 3d 193, 198–200 (D. Mass. 2016) (citing cases); *Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc.*, No. 11-CV-02007-MSK-KLM, 2012 WL 1801979, at *5 (D. Colo. May 16, 2012); and, the Court declines to inaugurate such a privilege here. For these reasons, the Court will DENY Plaintiff's Motion for Protective Order (Doc. 175) in its entirety.

**2.      Plaintiff's Motion for Extension to Read and Sign (Doc. 179)**

In her Motion for Extension to Read and Sign, in turn, Plaintiff seeks an extension of time in which to read and sign her deposition transcripts. Federal Rule of Civil Procedure 30 provides that,

> [o]n request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1).

According to the Tenth Circuit,

> [t]o make changes in form or substance to a deposition pursuant to Rule 30(e), a party or deponent must request review of his deposition before its completion, and the officer conducting the deposition must denote the request on a certificate, which shall be in writing and accompany the record of the deposition. If the party or deponent properly requests review, the party or deponent may submit changes to his deposition within thirty days after being notified by the officer that the transcript is available for review.

*Rios v. Bigler*, 67 F.3d 1543, 1552 (10th Cir. 1995) (citations and quotation marks omitted).

"Should the reporter make a substantive error, i.e., he reported 'yes' but I said 'no,' or a formal error, i.e., he reported the name to be 'Lawrence Smith' but the proper name is 'Laurence Smith,' then corrections by the deponent would be in order." *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) (quoting *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992)). However,

> [t]he Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Id.*; *see also, e.g., Sinclair Wyoming Ref. Co. v. A&B Builders, Ltd.*, No. 15-CV-91-ABJ, 2018 WL 4677912, at *2 (D. Wyo. July 24, 2018) ("Rule 30(e) is to be used for corrective, and not contradictory, changes.") (quotation marks omitted); *Foraker v. Schauer*, Civ. No. 04-CV-00363-EWN-OES, 2005 WL 6000493, at *3 (D. Colo. Sept. 8, 2005) ("Rule 30(e) provides a vehicle for litigants to correct what was reported in the transcript, not to create an entirely new transcript.").

Defendants deposed Plaintiff on September 9, 2019, September 10, 2019, and October 17, 2019. (Doc. 179 at 1; Doc. 185 at 1.) At the deposition on September 10, 2019, Plaintiff stated that she wished to read and sign the deposition transcripts. (Doc. 179 at 1.) The court reporter notified Plaintiff that the transcripts from the first two days of Plaintiff's deposition were available

4

on or about September 23, 2019.[2] (Doc. 179 at 7; Doc. 185 at 2-3.) The court reporter notified Plaintiff that the transcript from the third day of her deposition was available on October 23, 2019. (Doc. 179 at 6.) On November 14, 2019, the Court denied Plaintiff's request that her deposition be continued for a fourth day to allow her to finish her *pro se* cross-examination of herself. (Doc. 173 at 13.)

Plaintiff contends that, pursuant to Rule 30(e)(1), she had 30 days from the date her deposition was "complete" in which to read and sign all three of the deposition transcripts.[3] (Doc. 179 at 3.) The Union, on the other hand, contends that Plaintiff had 30 days from the dates on which she received notice of the respective transcripts' availability to read and sign them. (Doc. 185 at 1-2.) In light of Rule 30(e)'s plain language and the Tenth Circuit's narrow interpretation of its purpose, the Court agrees with the Union. First, by its plain language, Rule 30(e)(1) allows a deponent "30 days after being notified by the officer that the transcript or recording is available" to submit her changes to the transcript and her reasons for making them. Fed. R. Civ. P. 30(e)(1).

Second, in light of the fact that Rule 30(e)'s sole purpose is to allow a deponent to correct transcription errors, *Garcia*, 299 F.3d at 1242 n.5, its time limit must be read to require the deponent to make corrections while she is still likely to recall her testimony with precision. Where

---

[2] Plaintiff did not attach to her motion the e-mail message(s) by which the court reporter first notified her that the transcripts from the first two days of her deposition were available. (*See generally* Doc. 179.) However, she did attach an e-mail chain between her and the court reporter in which she referenced, *inter alia*, the court reporter's request that she submit corrections to the first two days' transcripts by October 23, 2019. (*Id.* at 7.) Also, the e-mail messages attached to the Union's response in opposition to Plaintiff's motion indicate that the court reporter notified the Union's counsel of the availability of the first two days' transcripts at 1:01 p.m. and 5:40 p.m. on Friday, September 20, 2019. (*See* Doc. 185-1 at 2-3.) Because notice of one of the transcripts' availability was not sent until after the close of business on September 20, 2019, it may be considered received on the next business day, *i.e.*, September 23, 2019. *See* Fed. R. Civ. P. 6(a)(1)(C), (a)(4).

[3] According to Plaintiff, her deposition was not complete until November 14, 2019, when the Court denied her request that it be continued for a fourth day. (Doc. 179 at 3.) However, the Court need not decide whether Plaintiff's deposition was complete on October 17, 2019 or November 14, 2019, in light of its determination that the deadline for Plaintiff to read and sign her deposition transcripts expired 30 days after she received notice of the respective transcripts' availability, and not 30 days after the entire deposition was complete.

a deposition takes place on multiple days over an extended period of time, this means that the rule must be read to require corrections to any given day's transcript within 30 days of notice of that transcript's availability, and not within 30 days of completion of the entire deposition.

The present situation illustrates the point. The first two days of Plaintiff's deposition took place on September 9 and 10, 2019, and the transcripts from these dates became available on September 23, 2019, while the transcript from the last day, October 17, 2019, did not become available until October 23, 2019. If the Court were to adopt Plaintiff's interpretation of Rule 30(e), the deadline for her to read and sign the first two days' transcripts would expire no earlier than November 22, 2019, over 70 days after the testimony was taken and fully 60 days after the first two transcripts became available. This is twice the time period Rule 30(e) envisions and would render Plaintiff's corrections significantly less reliable. For these reasons, the Court finds that the deadline for Plaintiff to read and sign the transcripts from the first two days of her deposition expired 30 days after she received notice of these transcripts' availability, *i.e.*, on October 23, 2019. However, the deadline for Plaintiff to read and sign the transcript from the third day of her deposition did not expire until November 22, 2019, *i.e.*, 30 days after she received notice of that transcript's availability.

Plaintiff filed the present motion *after* the deadline to read and sign the first two days' transcripts expired, but *before* the deadline to read and sign the third day's transcript did so. As the Union observes, to be entitled to an extension of a discovery deadline that has not yet expired, a party must show good cause; and, to be entitled to the reopening of a deadline that has already expired, the party must also show excusable neglect. Fed. R. Civ. P. 6(b)(1). Here, the Court finds that Plaintiff has failed to show either good cause or excusable neglect for failing to timely read and sign her deposition transcripts. In support of her request for additional time, Plaintiff states

that she "has been swamped with deadlines," chronic health issues have "slow[ed] her down," and she lacks staff to assist her. (Doc. 179 at 3-4.) However, the problems she describes are largely the product of her own decisions to prosecute this action *pro se* and to engage in unduly aggressive discovery and discovery motions practice. Moreover, notwithstanding Plaintiff's assertion to the contrary, the Court finds that granting Plaintiff the additional time she requests would prejudice Defendants, both by further delaying the progress of this litigation and by allowing Plaintiff to make corrections to her deposition after an unreasonable length of time has passed.

That said, the Court is aware that an unexpected, serious family emergency has incapacitated Plaintiff from November 27, 2019 to the present. (*See, e.g.*, Docs. 192, 202.) As such, and because Plaintiff filed the present motion two days before the deadline to read and sign the transcript from the last day of her deposition expired, the Court finds that Plaintiff has shown good cause for a two-day extension of time in which to read and sign the last day's transcript.[4] However, it has simply been too long, with too little justification, and too much to Defendants' detriment, for the Court to reopen the deadline for Plaintiff to read and sign the transcripts from the first two days of her deposition.

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's Motion for Protective Order (Doc. 175) is DENIED; and,

2. Plaintiff's Motion for Extension of Time to Read and Sign Deposition (Doc. 179) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as the Court will allow Plaintiff two additional days to read and sign the transcript from the third day of her deposition. The Court will address when the two additional days will begin to run at the continued telephonic status conference set for February 5, 2020. In all other

---

[4] The Court will address when the two-day extension will begin to run at the continued telephonic status conference presently set for February 5, 2020. (*See* Docs. 202, 203.)

respects, the motion is DENIED.

IT IS SO ORDERED.

                                                                                     _____
                                                                                     KIRTAN KHALSA
                                                                                     UNITED STATES MAGISTRATE JUDGE