# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MINA ORTEGA,

    Plaintiff,

vs.                                                      Civ. No. 18-111 MV/KK

NEW MEXICO LEGAL AID, INC. *et al.*,

    Defendants.

## ORDER GRANTING PARTIAL DISCOVERY STAY
## AND ALLOWING TRIAL DEPOSITION

THIS MATTER is before the Court on: (1) Plaintiff's Emergency Motion to Continue Stay of Proceedings (Doc. 207) ("Motion to Continue Stay"), filed March 16, 2020; (2) Defendant New Mexico Legal Aid, Inc.'s ("NMLA") Motion to Allow NMLA to Take Trial Deposition of Ed Marks (Doc. 210) ("Motion to Take Deposition"), filed March 20, 2020; and, (3) Plaintiff's Motion for Time to File Reply (Doc. 213) ("Motion for Time"), filed March 24, 2020. The Court, having reviewed the pleadings, the record, and the relevant law, and being otherwise fully advised, FINDS that: (1) Plaintiff's Motion to Continue Stay should be GRANTED IN PART and DENIED IN PART; (2) NMLA's Motion to Take Deposition should be GRANTED; (3) Plaintiff's Motion for Time should be DENIED; and, (4) case management deadlines in this matter should be extended as set forth herein.

On December 11, 2019, the Court stayed certain discovery and case management deadlines in this case due to a serious emergency in Plaintiff's family. (Doc. 198.) On February 6, 2020, the Court extended the stay through March 16, 2020, but ordered that "if Plaintiff seeks to continue the stay beyond March 16, 2020 based on her mental or physical health, she must support her motion with documentation from one or more of her treatment providers." (Doc. 206 at 6-7.) In

the Motion to Continue Stay now before the Court, Plaintiff asks the Court to extend the stay for another two to three months and then "hold a status conference to determine Plaintiff's ability to work," because her ongoing mental health issues render her unable to work on her case "even two hours most of the time" at present.[1]  (Doc. 207 at 2-3.)

In support of her request, Plaintiff submits a letter from psychologist James Gillies, Ph.D., who evaluated Plaintiff on March 5 and 9, 2020. (*Id.* at 4-5.)  In this letter, Dr. Gillies recommends that Plaintiff "should limit her work to up to, and no more than, two hours per day," and, when she can do so without being "overtaxed," increase her workload "in small increments." (*Id.* at 4.) According to Dr. Gillies, "[a]n optimal treatment course" for Plaintiff's mental health disorders "would last 30 weeks," though she could require more extended treatment or, conversely, could enjoy a full recovery sooner. (*Id.* at 5.)

In its response, NMLA expresses sympathy for Plaintiff's circumstances but asks the Court to refuse to stay discovery any longer. (Doc. 212 at 1.)  NMLA first argues that the Court should deny Plaintiff's motion due to the length of time the parties have been in litigation and Plaintiff's lack of diligence in prosecuting this action. (*Id.* at 1-3, 7.)  NMLA observes that the employment decisions Plaintiff challenges took place over six years ago, and that the parties have been in litigation in state and federal court for almost as long. (*Id.*)  NMLA correctly notes that Plaintiff failed to timely notice depositions before discovery closed, and that the Court has already granted Plaintiff many extensions of time to complete various tasks. (*Id.*)  NMLA also attaches to its response a certiorari petition that Plaintiff was able to file on March 16, 2020 in an unrelated state court case she is defending *pro se*, notwithstanding her mental health disorders. (Doc. 212-1.)

---

[1] Plaintiff is a licensed attorney who is proceeding *pro se* in this case.

2

NMLA next argues that the Court should deny Plaintiff's motion because further delay will cause it unfair prejudice due to the progressive, degenerative illness of its key witness, Ed Marks. (Doc. 212 at 3-7.) NMLA points out that Mr. Marks' medical condition has recently begun to impair his ability to function and that his impairments will only become more severe over time. (*Id.*; *see* Doc. 212-3 at 2-3.) Relatedly, NMLA has filed a motion for leave to take Mr. Marks' trial deposition, arguing that it needs to preserve his testimony before his medical condition deteriorates to the point where he can no longer testify. (Doc. 210.) Relying on Federal Rule of Civil Procedure 32, NMLA requests that it be allowed to take Mr. Marks' trial deposition within thirty (30) days in two separate morning sessions. (*Id.* at 2-3); *see* Fed. R. Civ. P. 32(a)(4)(C) ("A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment.").

Finally, NMLA argues that the Court should deny Plaintiff's request for a continued stay because she could have sought counsel to represent her in this matter on a contingency fee basis but has instead chosen to proceed *pro se*. (Doc. 212 at 4-5, 8.)

Defendant Siempre Unidos En Progreso ("Union") makes no independent argument in opposition to Plaintiff's Motion to Continue Stay but opposes the motion for the reasons set forth in NMLA's response. (Doc. 211.)

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, No. CV 12-526 MV/GBW, 2013 WL 12304061, at *1 (D.N.M. July 11, 2013) (quoting *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)). "Whether to issue a stay of discovery depends greatly on the facts and progress of each case. In rendering a decision to stay proceedings,

3

a court must exercise judgment and weigh competing interests." *Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (citations, quotation marks, and brackets omitted). In weighing competing interests, courts have considered a number of factors, including: (1) the non-moving party's interests in proceeding expeditiously with the litigation and the potential prejudice a delay would cause; (2) the hardship to the moving party if a stay is not granted; (3) the Court's convenience; (4) the interests of persons not parties to the litigation; and (5) the public interest. *Id.*; *United States v. High Plains Livestock, LLC*, No. CV 15-680 MCA/WPL, 2016 WL 10591976, at *1 (D.N.M. Feb. 16, 2016); *Triple D Supply, LLC v. Pilot Corp.*, No. CV 13-655 GBW/WPL, 2013 WL 9981487, at *2 (D.N.M. Nov. 18, 2013); *New Mexico Oncology & Hematology Consultants, Ltd.*, 2013 WL 12304061 at *1. "Ultimately, the decision to issue a stay of discovery is within the broad discretion of the district court." *Mestas*, 2019 WL 5549913 at *1.

After careful consideration of each of the factors listed above, the Court in its discretion concludes that Plaintiff should be granted an additional discovery stay of two months, after which no more discovery stays will be allowed. Plaintiff has not always diligently prosecuted this action and some of her past actions have unreasonably protracted the litigation. However, she could not have foreseen the events that caused the mental health disorders she is currently experiencing, and she has demonstrated that she will suffer hardship if discovery resumes at this time. Because this is the last discovery stay the Court will grant, Plaintiff is advised to make whatever arrangements she requires to be able to proceed when the stay expires. This may include seeking counsel to represent her on a contingency fee basis.

Further, to mitigate the irreversible harm Defendants are otherwise likely to suffer as a result of the continued stay, the Court will grant NMLA's Motion to Take Deposition and permit

NMLA to take Mr. Marks' trial deposition during the pendency of the discovery stay and out of time.² Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[E]xcusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (quotation marks omitted). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395.

If the Court finds that there is excusable neglect for a party's failure to timely move to modify a scheduling order, it must then determine whether good cause exists to support the requested modification. *See* Fed. R. Civ. P. 16(b)(4); D.N.M.LR-Civ. 16.1. To demonstrate good cause under Federal Rule of Civil Procedure 16, the moving party must "show that it has been diligent in attempting to meet the deadlines." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (citation omitted).³ In deciding whether to modify a scheduling order to reopen discovery, courts are to consider "several relevant factors," including:

---

² The Court will analyze NMLA's request for leave to take Mr. Marks' trial deposition as a request for leave to take the deposition out of time under Federal Rules of Civil Procedure 6(b)(1) and 16(b)(4). Courts have disagreed regarding whether trial depositions, like other depositions, must ordinarily be taken within the time allowed for discovery. *Compare, e.g., New Mexico ex rel. Balderas v. Real Estate Law Ctr., P.C.*, No. CIV 17-0251 JB\LF, 2019 WL 6703837, at *11 (D.N.M. Dec. 9, 2019) ("[T]he Federal Rules of Civil Procedure do not distinguish between 'trial' depositions and deposition for other purposes. Courts should avoid formally creating a subcategory of depositions that the Federal Rules of Civil Procedure . . . have not created or recognized.") (citation omitted), *with Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 356 (D. Colo. 2001) ("Because these are trial, or preservation, depositions, I am not persuaded that the restrictions of the scheduling order, including the expiration of the discovery deadline, should apply to them."). Here, however, the Court need not resolve this disagreement because, as discussed below, even if NMLA would ordinarily have been required to take Mr. Marks' trial deposition within the time allowed for discovery, it has shown excusable neglect and good cause to take the deposition out of time.

³ Unpublished decisions are not binding precedent in the Tenth Circuit but may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

Here, NMLA has clearly shown excusable neglect and good cause for its failure to depose Mr. Marks before discovery closed or to timely seek an extension of time in which to do so. Mr. Marks' medical condition has only recently deteriorated to the point where it impairs his ability to function. (Doc. 212-3 at 2-3.) NMLA could not have reasonably foreseen that Plaintiff's family emergency and resulting mental health issues would so substantially delay the forward progress and ultimate resolution of this case that Mr. Marks' trial testimony would need to be preserved. Thus, NMLA needs to depose Mr. Marks out of time due to circumstances beyond its control; and, "the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court" weighs in favor of the Court granting NMLA leave to take his trial deposition out of time. *Smith*, 834 F.2d at 169.

With respect to the remaining *Smith* factors: (1) trial has not yet been scheduled; (2) NMLA was reasonably diligent in conducting discovery within the time allotted; (3) Plaintiff will not be unduly prejudiced by having to prepare for and attend a single deposition within the next thirty (30) days, when her psychologist has indicated that she can work for up to two hours per day; and, (4) the deposition is highly likely to lead to relevant evidence. *Id.* Thus, even assuming Plaintiff's opposition, all of the other *Smith* factors weigh in favor of the Court granting NMLA leave to take Mr. Marks' trial deposition out of time.

Finally, the Court finds that the current record includes fully adequate information and argument to allow the Court to rule on Plaintiff's Motion to Continue Stay and NMLA's Motion

to Take Deposition. Moreover, given the time-sensitive nature of the issues presented, waiting for additional briefing on these motions would be ill-advised. As such, the Court will deny Plaintiff's Motion for Time, in which she seeks leave to file a reply in support of the Motion to Continue Stay by March 25, 2020. (*See* Doc. 213.)

IT IS THEREFORE ORDERED that: (1) Plaintiff's Motion to Continue Stay (Doc. 207) is GRANTED IN PART and DENIED IN PART; (2) NMLA's Motion to Take Deposition (Doc. 210) is GRANTED; and, (3) Plaintiff's Motion for Time (Doc. 213) is DENIED. Discovery and case management deadlines in this matter are STAYED up to and including **Tuesday, May 26, 2020**, except that NMLA may take Mr. Marks' trial deposition within thirty (30) days of entry of this Order. NMLA's counsel shall confer with Plaintiff and the Union's counsel and attempt to agree on mutually convenient dates for the deposition. However, if the parties are unable to agree, NMLA may select the dates for the deposition provided it gives Plaintiff and the Union at least two weeks' notice. NMLA should schedule the deposition for two morning sessions of no more than four hours per session and may elect to take the deposition by videoconference. Plaintiff will not be permitted to notice a separate deposition of Mr. Marks and should be prepared to ask any questions she has for this witness at the trial deposition.

IT IS FURTHER ORDERED that case management deadlines in this matter are RESET as follows:

a. By **Tuesday, April 7, 2020**, Defendants must: (a) identify dates on which their Rule 30(b)(6) witnesses (and defense counsel for both parties) are available for Rule 30(b)(6) depositions between Monday, June 1, 2020 and Monday, June 29, 2020; (b) identify dates on which Evangeline Mercado, Donis Borks,[4] and Alicia Clark (and defense counsel for both parties)

---

[4] If Mr. Borks is not medically available to be deposed between June 1 and June 29, 2020, the Union's counsel should also determine when he anticipates being medically cleared to be deposed and provide this information to Plaintiff.

are available for individual witness depositions between Monday, June 1, 2020 and Monday, June 29, 2020; and, (c) provide the information described in paragraphs (a) and (b) to Plaintiff. Defendants must identify at least two full days available for depositions between Monday, June 1, 2020 and Monday, June 29, 2020; and, witnesses and defense counsel must hold those dates open through Monday, June 1, 2020, or until Plaintiff notices the depositions, whichever is sooner;

      b.      By operation of this Order, the partial discovery stay will lift on **Wednesday, May 27, 2020**, and no further discovery stays will be granted;

      c.      Plaintiff may submit a signed statement listing changes to the transcript of the last day of her deposition in accordance with Federal Rule of Civil Procedure 30(e) no later than **Friday, May 29, 2020**;

      d.      By **Monday, June 1, 2020,** Plaintiff must notice the two depositions she chooses to take for dates on which the witnesses she selects are available;

      e.      Plaintiff must supplement her discovery responses as required by the Court's Order on NMLA's Motion to Compel (Doc. 171) by **Wednesday, June 10, 2020**;

      f.      As further described in the Court's Order on Discovery Motions (Doc. 173), Plaintiff may send a letter to NMLA's counsel describing documents relating to her wages or benefits that are responsive to her Requests for Production Nos. 2 and/or 14 that she believes were missing from NMLA's November 8, 2019 document production, and how she believes NMLA may reasonably and efficiently search for them, no later than **Wednesday, June 10, 2020**;

      g.      As further described in the Court's Order on Discovery Motions (Doc. 173), Plaintiff may send a letter to NMLA's counsel describing specific e-mails responsive to her Request for Production No. 8 that she believes were missing from NMLA's November 8, 2019

document production by author, recipient(s), subject matter, and time frame, and proposing specific search terms NMLA should use to find them, no later than **Wednesday, June 10, 2020**;

    h.    Discovery motions regarding Defendants' most recent discovery responses are due by **Wednesday, June 10, 2020**. No other discovery motions may be filed;

    *i*.    Plaintiff must complete the two depositions she chooses to take by **Monday, June 29, 2020**; and,

    j.    Dispositive motions must be filed by **Monday, July 20, 2020**.

IT IS SO ORDERED.

*/s/ Kirtan Khalsa*
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE