IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MINA ORTEGA,

    Plaintiff,

vs.                                              Civ. No. 18-111 MV/KK

NEW MEXICO LEGAL AID, INC. *et al.*,

    Defendants.

## ORDER ON NMLA'S EMERGENCY MOTION TO COMPEL

THIS MATTER is before the Court on Defendant New Mexico Legal Aid, Inc.'s ("NMLA") Emergency Motion to Compel Plaintiff's Good Faith Participation and for Declaration Regarding the Trial Deposition of Ed Marks on April 24 and 27, 2020 (Doc. 217), filed April 20, 2020. Plaintiff filed a response in opposition to the motion on April 23, 2020, and NMLA filed a reply in support of it on April 27, 2020. (Docs. 224, 225.) The Court, having reviewed the parties' submissions, the record, and the relevant law, FINDS that the motion is well-taken in part and should be GRANTED IN PART and DENIED IN PART as set forth below.

On March 25, 2020, the Court entered an Order Granting Partial Discovery Stay and Allowing Trial Deposition. (Doc. 214.) In the order, the Court granted NMLA leave to take the trial deposition of Ed Marks by April 24, 2020 and indicated that Plaintiff "should be prepared to ask any questions she has for this witness" at the deposition. (*Id.* at 7.) In so ruling, the Court considered the totality of the circumstances in this case and determined that NMLA's need to preserve Mr. Marks' trial testimony quickly given his progressive, degenerative illness outweighs any prejudice Plaintiff might suffer from having to prepare for and participate in a single deposition before the discovery stay in this case expires on May 26, 2020. (*See generally id.*)

After the Court entered its order permitting NMLA to take Mr. Marks' trial deposition, Plaintiff devoted considerable time and effort to trying to delay it, including by filing an Emergency Motion for Clarification and Reconsideration of Order Allowing Trial Deposition and to Stay the Trial Depo and Extend the Time Therefore (Doc. 221), which the Court denied on April 22, 2020.  (Doc. 223.)  Nevertheless, and in accordance with the Court's orders, Mr. Marks' deposition commenced on April 24, 2020 and continued on April 27, 2020, apparently with Plaintiff's full participation; and, the parties have agreed that Plaintiff may have 90 minutes to complete her questioning of Mr. Marks on May 1, 2020.  (Doc. 225 at 2 & n.2.)

> In the motion presently before the Court, NMLA asks the Court to
>
> order the trial deposition take place on April 24, and 27, 2020; to order Plaintiff to participate in good faith; to declare that the occurrence of the Marks Deposition does not prejudice Plaintiff; [and,] to provide notice to Plaintiff that any further willful misconduct, including accusatory conduct against NMLA Counsel and efforts to undermine the Court's discovery orders, may result in dismissal of her claims.

(Doc. 217 at 11.)  In her response to the motion, Plaintiff insists that the occurrence of Mr. Marks' deposition in accordance with the Court's orders has prejudiced her and will continue to do so in the future, and urges the Court to reconsider its order denying her motion to stay the deposition.  (Doc. 224 at 9-10.)

The Court has carefully considered Plaintiff's arguments attempting to demonstrate prejudice that she has suffered or will suffer as a result of the timing of Mr. Marks' trial deposition. (*See generally* Docs. 221, 224.)  However, these arguments fail to persuade the Court to revisit its determination that NMLA's need to quickly conclude Mr. Marks' deposition significantly outweighs any prejudice this might cause Plaintiff to suffer.  Nor have Plaintiff's arguments caused the Court to question its assessment that any such prejudice is of Plaintiff's own making.  (*See* Doc. 223 at 4.)  As such, the Court will grant NMLA's motion insofar as it hereby declares that it

will entertain no further challenges to the propriety of Mr. Marks' deposition or its use at trial based on allegations of prejudice to Plaintiff. (*See* Doc. 225 at 6.) In addition, the Court will require that Plaintiff continue to participate in the deposition in good faith and that it be concluded by May 1, 2020.

With respect to NMLA's remaining request for relief, the Court declines to notify Plaintiff that any further willful misconduct may result in the dismissal of her claims. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920–21 (10th Cir. 1992) ("[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct," and "should be used as a weapon of last, rather than first, resort.") (quotation marks omitted). Plaintiff's decision to try to delay Mr. Marks' deposition rather than prepare for it may well have been ill-advised, but the Court does not find it to be the kind of willful misconduct that may lead to the extreme sanction of dismissal. Moreover, though Plaintiff's actions undeniably created substantial work and stress for NMLA's counsel, ultimately, NMLA has been able to take Mr. Marks' trial deposition within the time allowed with the extensions to which all parties have agreed.

However, the Court strongly admonishes Plaintiff to promptly review the standards of professional conduct governing licensed attorneys in New Mexico, including the New Mexico Rules of Professional Conduct and the State Bar of New Mexico's "Creed of Professionalism," with which the Court has specifically ordered the attorneys in this case to comply. (Doc. 64 at 1.) *Inter alia*, these standards require attorneys to refrain from personal attacks on opposing counsel, and the Court expects all of the attorneys in this case, including Plaintiff, to conduct themselves accordingly. Plaintiff is strongly cautioned that the conduct NMLA has attributed to her in its motion is unacceptable, and that if she engages in such conduct in the future it may well subject her to sanctions.

IT IS THEREFORE ORDERED that NMLA's Emergency Motion to Compel Plaintiff's Good Faith Participation and for Declaration Regarding the Trial Deposition of Ed Marks on April 24 and 27, 2020 (Doc. 217) is GRANTED IN PART and DENIED IN PART as set forth herein.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE