IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MINA ORTEGA,

    Plaintiff,

vs.                                                       Civ. No. 18-111 MV/KK

NEW MEXICO LEGAL AID, INC. *et al.*,

    Defendants.

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION TO COMPEL**

THIS MATTER is before the Court on Plaintiff's Emergency Motion to Compel Additional Dates for Deposition Within Previously Set Time Limits (Doc. 228) ("Motion"), filed May 26, 2020. The Court, having reviewed the parties' submissions,[1] the record, and the relevant law, being otherwise fully advised, and for the reasons set forth below, FINDS that the Motion is not well taken and should be DENIED.

In its Order on Depositions, Discovery Stay, and Case Management Deadlines, the Court granted Plaintiff leave to "take two (2) depositions total" after the close of discovery, choosing "any two of the witnesses identified in her Addendum to Motion to Extend Time to Take Depositions." (Doc. 206 at 3 (emphasis omitted).) The Court ordered Defendants to identify, by February 21, 2020, at least two full days on which defense counsel and these witnesses were

---

[1] In addition to the Motion itself, the submissions specifically addressing Plaintiff's Motion are: (1) Union's Response to Plaintiff's Emergency Motion to Compel Additional Dates for Deposition Within Previously Set Time Limits (Doc. 230), filed May 27, 2020; (2) NMLA's Response Regarding Plaintiff's Emergency Motion to Compel (Doc. 231), filed May 27, 2020; (3) Plaintiff's Reply to Union's Response Respecting Plaintiff's Motion to Compel Additional Dates for Deposition (Doc. 233), filed May 28, 2020; (4) Declaration of Samantha M. Adams Regarding Deposition Availability of Evangelina Mercado (Doc. 234), filed June 1, 2020; (5) Plaintiff's Reply to NMLA's Response to Emergency Motion to Compel Additional Dates for Deposition Within Previously Set Time Limits (Doc. 235), filed June 2, 2020; (6) Declaration of Lisa M. Castillo Regarding Plaintiff's Motion to Compel Additional Dates (Doc. 236), filed June 2, 2020; (7) Joint Supplemental Response by NMLA and Union to Plaintiff's Emergency Motion to Compel Additional Dates for Deposition Within Previously Set Time Limits (Doc. 238), filed June 3, 2020; and, (8) Plaintiff's Notice of Supplemental Authority (Doc. 239), filed June 4, 2020. The Court has reviewed and considered all of these submissions in ruling on Plaintiff's Motion.

available for depositions, and Plaintiff to "notice the two depositions she chooses to take at least fifteen (15) days before the deposition is set to occur, but no later than Friday, March 20, 2020 . . . for dates on which the witnesses she selects are available" and to complete the depositions by April 17, 2020. (*Id.* at 7-8.)

Plaintiff subsequently moved to extend these deadlines, and the Court granted her request in its Order Granting Partial Discovery Stay and Allowing Trial Deposition (Doc. 214) ("Order Granting Partial Stay"), ordering Defendants to provide available dates by April 7, 2020, and Plaintiff to notice the depositions at issue by June 1, 2020 and complete them by June 29, 2020. (*Id.* at 7-9.) In accordance with the Order Granting Partial Stay, Defendants identified June 1, 2020 through June 4, 2020 as available dates and sent these dates to Plaintiff on or before April 7, 2020. (Doc. 230 at 3.)

In her Motion, Plaintiff now asks the Court to order that "Defendants provide other two days [sic] within the time limit previously set (June 1, 2020 through June 29, 2020), that those days be in two-day sets in the last two weeks of June 2020 and that they not be in the same week for both Defendants." (Doc. 228 at 5.) Plaintiff, who is proceeding *pro se*, so requests based on an ongoing mental health condition that makes it difficult for her to work for sustained periods of time and, in her provider's March 2020 estimation, will take at least six months to a year to resolve. (Doc. 207 at 5.)

Defendants oppose Plaintiff's request for several reasons. Of particular note, they observe that, though they timely provided Plaintiff with deposition dates by April 7, 2020, Plaintiff did not request alternative dates until May 21, 2020, (Doc. 230 at 3; Doc. 231 at 2), and did not file the present Motion until May 26, 2020. They further point out that their counsel and witnesses were obligated to clear their schedules for the dates originally provided and hold those dates open for

nearly two months, ultimately to no purpose, and that it would be very difficult for them to clear their schedules again, this time for dates in the second half of June. (Doc. 230 at 6-7; Doc. 231 at 7.)

Nevertheless, in compliance with the Court's Order for Expedited Briefing (Doc. 229) and without waiving their objections, on May 27, 2020, Defendants jointly identified alternative deposition dates of June 17, 19, 23, and 24, 2020. (Doc. 230 at 7; Doc. 231 at 7.) However, "[n]either Defendant was served with any Notices of Deposition by Plaintiff as of June 1, 2020," or indeed as of 11:33 a.m. on June 3, 2020, when Defendants filed their Joint Supplemental Response by NMLA and Union to Plaintiff's Emergency Motion to Compel Additional Dates for Deposition Within Previously Set Time Limits. (Doc. 238 at 1.)

In their submissions regarding Plaintiff's Motion, the parties debate a number of factual and legal points. In the Court's view, however, the most critical facts are straightforward and undisputed, *i.e.*: (1) Defendants provided Plaintiff with deposition dates in early April 2020, and subsequently identified alternative dates on May 27, 2020, in compliance with the Court's Orders; (2) the Court set a firm deadline of June 1, 2020 for Plaintiff to notice the depositions at issue; (3) Plaintiff did not move for an extension of the June 1, 2020 deadline before it expired[2]; and, (4) Plaintiff did not notice any depositions by June 1, 2020. In short, Plaintiff failed to notice the depositions at issue before the deadline for doing so expired. Moreover, her failure to do so is particularly troubling because, due to her repeated requests for extensions of time, the deadline in question fell over seven months after discovery in this matter closed.

The Court understands that Plaintiff has experienced significant personal difficulties and mental health challenges since the close of discovery. However, Defendants and their witnesses

---

[2] In fact, Plaintiff affirmatively represented in her Motion that she had "every intention of noticing the depositions on June 1, 2020, if the Court has not ruled on this emergency motion." (Doc. 228 at 7.)

3

should not be asked to wait indefinitely for Plaintiff's life circumstances and mental health to stabilize. At some point, Plaintiff must either respect this Court's deadlines and move her case forward or endure the consequences of failing to do so. In the Court's view, that time has arrived. The Court therefore holds that, by failing to notice the depositions at issue by June 1, 2020, Plaintiff has lost the right to take them. *See* Fed. R. Civ. P. 16(f)(1)(C) ("[T]he court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order."); *G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 831 (10th Cir. 1990) ("[U]nder Rule 16(f), neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions.") (quotation marks omitted). Defendants need not make counsel or witnesses available for these depositions; and, the Court will not compel Defendants to provide Plaintiff with alternative deposition dates within the parameters Plaintiff has requested.

IT IS THEREFORE ORDERED that Plaintiff's Emergency Motion to Compel Additional Dates for Deposition Within Previously Set Time Limits (Doc. 228) is DENIED.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE