**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MINA ORTEGA,

       Plaintiff,

      vs.                                 Civ. No. 18-111 MV/KK

SIEMPRE UNIDOS EN PROGRESO,

       Defendant.

**ORDER DENYING MOTION TO DESIGNATE**
**SETTLEMENT PROCEEDS AS BACK PAY**

THIS MATTER is before the Court on Plaintiff's Opposed Motion for Allocation of a Portion of Settlement Amounts as Back Pay and for Shortened Response Time (Doc. 271) ("Motion"), filed March 2, 2021.[1]  Defendant Siempre Unidos en Progreso, a unit of National Organization of Legal Service Workers (NOLSW)/UAW Local 2320 International United Auto Workers, AFL-CIO ("Union") responded in opposition to the Motion on March 10, 2021, and Plaintiff replied in support of it on April 2, 2021.[2]  (Docs. 273, 279.)  Having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, the Court FINDS that the motion is not well-taken and should be DENIED.

On February 9, 2021, Plaintiff and the Union entered into a Settlement Agreement and Release of All Claims ("Settlement Agreement") resolving Plaintiff's claims against the Union in this case.  (Doc. 271-1 at 5-8.)  In exchange for Plaintiff's release of all claims and agreement to dismiss this case with prejudice, the Union agreed to pay Plaintiff a specified lump sum.  (*Id.* at 6.)  The Settlement Agreement does not designate any portion of this lump sum as back pay,

---

[1] The Court denied the portion of the Motion requesting a shortened response time on March 3, 2021.  (Doc. 272.)

[2] Plaintiff also filed a Notice of Errata to correct errors in her reply on April 5, 2021.  (Doc. 280.)

compensation for lost wages or benefits, or indeed in any way at all.  (*See generally id.*)  However, it does allow Plaintiff to "request . . . that all or a portion of the settlement amount be directed to her 403(b) account, with consent of the 403(b) plan administrator," and further provides that "the Union will take [sic] all efforts to comply with that request to the extent permitted by law."  (*Id.* at 6.)

In the Motion now before the Court, Plaintiff asks the Court to "allocate" two-thirds of the settlement proceeds as "back pay" or "compensation for lost wages," with the remainder to be considered "non-wage damages."  (Doc. 271 at 10.)  Plaintiff further asks the Court to "designate" this "back pay" amount as a contribution to her retirement account under the 403(b) Thrift Plan of her former employer, New Mexico Legal Aid, Inc. ("NMLA").[3]  (*Id.*)  In addition, Plaintiff asks the Court to instruct the Union to make its check for this "back pay" amount payable to "Mutual of America, For the Benefit of Mina Ortega."[4]  (*Id.*)  Plaintiff indicates that, if the Court grants her requests up to this point, NMLA will be required to "account for the . . . amounts going to her 403(b) account" on a Form 5500 filed with the United States Internal Revenue Service.  (*Id.* at 15-16.)  Thus, Plaintiff also asks the Court to excuse any breach of the Settlement Agreement's confidentiality clause that would otherwise result from NMLA's completion of a Form 5500.  (*Id.*)

All of these requests appear to arise out of a January 15, 2021 letter from Mutual of America informing Plaintiff that,

> [i]f the settlement agreement you have entered into with the [U]nion specifies that all or part of the payment represents back pay, or there is a court order that allocates all or a portion of the settlement payment to back pay, we would be able to apply it as such to the plan if we receive the check payable to Mutual of America, For the Benefit Of Mina Ortega.

---

[3] More particularly, Plaintiff asks the Court to designate half of this "back pay" as a contribution to her 403(b) account for 2014 and the other half as a contribution for 2015.  (Doc. 271 at 10.)

[4] According to Plaintiff, Mutual of America "holds Plaintiff's 403(b) account."  (Doc. 271 at 2.)

(Doc. 271-1 at 17.)  The letter also notes Mutual of America's belief that NMLA,

> as the plan administrator, must be involved so as to be able to account for the payment amounts on the plan's Form 5500.  In addition, since the NMLA plan provides for employer contributions based on compensation, NMLA may be responsible for making such contributions based on the back pay settlement amount.

(*Id.*)  Plaintiff's Motion appears to be calculated to address Mutual of America's stated requirements for applying a portion of the settlement proceeds to Plaintiff's 403(b) account.

Nevertheless, Plaintiff has proffered no valid factual or legal basis for the relief she seeks. The Settlement Agreement between Plaintiff and the Union is a contract.  *Reliance Ins. Co. v. Mast Const. Co.*, 81 F.3d 173, at *1 (10th Cir. 1996) (unpublished); *Anthony v. United States*, 987 F.2d 670, 673 (10th Cir. 1993).  As such, "[i]ssues involving [its] formation and construction" must be "resolved by applying state contract law."  *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004); *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000).  In interpreting or enforcing a contract under New Mexico law,[5] "the court may not alter or fabricate a new agreement for the parties."  *Ponder v. State Farm Mut. Auto. Ins. Co.*, 2000-NMSC-033, ¶ 11, 129 N.M. 698, 702, 12 P.3d 960, 964; *see also, e.g.*, *ConocoPhillips Co. v. Lyons*, 2013-NMSC-009, ¶ 67, 299 P.3d 844, 860 (courts "cannot create a new agreement for the parties"); *Montoya v. Villa Linda Mall, Ltd.*, 1990-NMSC-053, ¶ 8, 110 N.M. 128, 129, 793 P.2d 258, 259 (same); *Nearburg v. Yates Petroleum Corp.*, 1997-NMCA-069, ¶¶ 22-23, 123 N.M. 526, 535, 943 P.2d 560, 569 (same).  "It is not the role of the court to rewrite the terms of the parties' agreement."  *Twin Forks Ranch, Inc. v. Brooks*, 1998-NMCA-129, ¶ 20, 125 N.M. 674, 680, 964 P.2d 838, 844.

---

[5] There being no choice-of-law provision in the Settlement Agreement, and the parties having identified no other state law that might apply to it, New Mexico law appears to govern it.  (Doc. 271-1 at 5-8; *see, e.g.*, Docs. 1, 7); *Flemma v. Halliburton Energy Servs., Inc.*, 2013-NMSC-022, ¶ 14, 303 P.3d 814, 819.

Plaintiff's Motion asks the Court to alter the parties' Settlement Agreement. The agreement does not designate any portion of the lump sum Plaintiff is to receive as back pay or compensation for lost wages or benefits, nor does it authorize the Court make such a designation. And, as the above-cited authority makes clear, the Court cannot simply write these terms into the agreement on Plaintiff's unilateral request.

As previously noted, the Settlement Agreement does include a provision (1) allowing Plaintiff to request "that all or a portion of the settlement amount be directed to her 403(b) account, with consent of the 403(b) plan administrator," and (2) requiring the Union to "take [sic] all efforts to comply with that request to the extent permitted by law." (Doc. 271-1 at 6.) However, this provision does not provide for the relief Plaintiff seeks. Again, it does not designate any part of the settlement proceeds as back pay, and it does not allow the Court to make this designation. Thus, the Settlement Agreement itself does not authorize the relief Plaintiff seeks.

Nor does Plaintiff identify any legal authority that would entitle her to the requested relief. In her Motion, Plaintiff does cite to a federal regulation providing that

> [p]ayments awarded by an administrative agency or court or pursuant to a bona fide agreement by an employer to compensate an employee for lost wages are compensation within the meaning of [26 U.S.C. §] 415(c)(3) for the limitation year to which the back pay relates, but only to the extent such payments represent wages and compensation that would otherwise be included in compensation under this section.

26 C.F.R. § 1.415(c)-2(g)(8).

However, the lump-sum payment provided for in the Settlement Agreement is neither a "[p]ayment awarded by an administrative agency or court" nor a "[p]ayment . . . pursuant to a bona fide agreement by an employer." *Id.* To state the obvious, the Court has awarded Plaintiff nothing; and, the Union is not and never has been Plaintiff's employer. Thus, on its face, this section simply does not apply to the settlement proceeds at issue. Nor does Plaintiff cite to any other authority to

4

support her position that the Court may lawfully designate settlement proceeds from a non-employer as back pay with respect to a 403(b) plan.[6]  Because Plaintiff has pointed to no authority or contractual provision that entitles her to a Court Order allocating the settlement proceeds as she requests, the Court will deny her Motion.

Moreover, even if the Court were willing to consider Plaintiff's Motion as one to enforce the Settlement Agreement provision referencing her 403(b) account, Plaintiff has failed to show that she is entitled to such enforcement for two reasons.  First, this provision requires that "the 403(b) plan administrator" consent to Plaintiff's request that some part of the settlement proceeds be directed to her 403(b) account.  (Doc. 271-1 at 6.)  However, Plaintiff has not shown that NMLA, the plan administrator,[7] consents to Plaintiff's request.  On the contrary, in her reply, Plaintiff indicates that she initially sought such consent from NMLA's counsel but then abandoned her efforts.  Specifically, Plaintiff states that she asked NMLA's counsel whether NMLA would agree to the Union directing a portion of the settlement proceeds to her 403(b) account, and NMLA's counsel agreed "Plaintiff should be able to do that and stated she would talk to her tax

---

[6] Plaintiff also cites to 29 C.F.R. § 2530.200b-2(a)(2), which states that,

> [f]or purposes of this paragraph (a)(2), a payment shall be deemed to be made by or due from an employer regardless of whether such payment is made by or due from the employer directly, or indirectly through, among others, a trust fund, or insurer, to which the employer contributes or pays premiums and regardless of whether contributions made or due to the trust fund, insurer or other entity are for the benefit of particular employees or are on behalf of a group of employees in the aggregate.

29 C.F.R. § 2530.200b-2(a)(2).  However, even assuming this regulation governs whether settlement proceeds may be treated as back pay with respect to a 403(b) plan, Plaintiff has presented no evidence to suggest that the settlement proceeds at issue are to come from NMLA through an entity to which NMLA contributes or pays premiums.

[7] For the first time in her reply, Plaintiff contends that the "403(b) plan administrator" whose consent is required is Mutual of America, rather than NMLA.  (Doc. 279 at 7 n.3.)  However, the documents Plaintiff has submitted in support of her Motion unequivocally show that NMLA is the plan administrator for the 403(b) Thrift Plan at issue. (*See, e.g.*, Doc. 271 at 24; Doc. 271-1 at 17.)  Nor has Plaintiff pointed to any other evidence to support her contention that, as used in the Settlement Agreement, the title "403(b) plan administrator" nevertheless refers to Mutual of America.

5

lawyer friend and requested Plaintiff put her request in writing." (Doc. 279 at 7 n.3.) However, "with the Union not wanting NMLA involved, [Plaintiff] abandoned such agreement from the employer."[8] (*Id.*)

Second, the Settlement Agreement provision referencing Plaintiff's 403(b) account limits the Union's required efforts to those "permitted by law," yet Plaintiff has failed to show that the Union's efforts to direct a portion of the settlement proceeds to her 403(b) account would be lawful. (Doc. 271-1 at 6.) As discussed above, the regulations Plaintiff cites in her Motion do not satisfy this requirement. In so holding, the Court does not intend to foreclose the possibility that Plaintiff can find a lawful way to accomplish the disposition she seeks, perhaps after consultation with NMLA and/or an appropriate professional. However, at present, Plaintiff has shown neither that NMLA consents to the Union directing part of the settlement proceeds to her 403(b) account, nor that the law permits disposing of the settlement proceeds in this manner. In other words, Plaintiff has failed to show either of the conditions that would trigger a duty on the Union's part to direct a portion of the settlement proceeds to her 403(b) account. (*Id.*)

Because the Court declines to allocate the settlement proceeds as Plaintiff has requested, it need not authorize the Form 5500 disclosures Plaintiff claims such an allocation would require. However, in this regard, the Court notes that it does read the Settlement Agreement's confidentiality clause in harmony with the clause requiring the Union to make all lawful efforts to comply with Plaintiff's request that settlement proceeds be directed to her 403(b) account, with NMLA's consent. (*Id.* at 6-7.) Read harmoniously, these provisions must at least allow Plaintiff to ask NMLA to consent to the Union directing some part of the settlement proceeds to Plaintiff's

---

[8] The Court cannot simply assume that NMLA would be willing to give its consent to the arrangement Plaintiff seeks, particularly in light of Mutual of America's assertion that doing so would, at a minimum, require NMLA to "account for the payment amounts on the plan's Form 5500," and could result in it having to make "employer contributions . . . based on the back pay settlement amount." (Doc. 271-1 at 17.)

403(b) account *and* to explore with NMLA whether there is a lawful way for the parties to accomplish this end.   Otherwise, the confidentiality clause could effectively nullify the 403(b) provision.

Finally, in its response, the Union asks the Court to require Plaintiff to reimburse it for the attorney fees it has incurred in opposing Plaintiff's Motion.  (Doc. 273 at 6-7.)  The Union contends that Plaintiff unfairly prejudiced it by filing the Motion when she did, because its attorney fees may no longer be covered by insurance, and the Motion has prevented the Union from paying Plaintiff the settlement proceeds by the deadline in the Settlement Agreement.  (*Id.*)  However, neither of these circumstances justifies requiring Plaintiff to pay the Union's attorney fees. Moreover, although the Court agrees that Plaintiff's Motion lacks merit, it is not so wholly legally and factually unfounded as to warrant imposition of the sanctions the Union has requested.  For these reasons, the Court denies the Union's request for an award of attorney fees.

IT IS THEREFORE ORDERED that Plaintiff's Opposed Motion for Allocation of a Portion of Settlement Amounts as Back Pay and for Shortened Response Time (Doc. 271) is DENIED.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE